IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.
217 50th Street, N.E.
Apartment 31
Washington, D.C 20019

      Plaintiffs

v.                                  Civil Action No._____

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL,
Serve ERRICK GREEN in his capacity
As Head of School
5300 Blaine Street, N.E.
Washington, D.C. 20019

      and

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL,
Serve CHRISTINE BELL, ESQUIRE
BRUSTEIN & MANASEVIT
As counsel per LCvR 65.1 (a)[1] and as
Fiduciary Agent
3105 South Street, N.W.
Washington, D.C. 20007
      Defendants.

## COMPLAINT
(for injunctive and declaratory relief)

COME NOW plaintiffs Tracy Cain as parent and next friend of K.W. and L.C. and allege the following:

---

[1] Plaintiffs have filed an application for a Temporary Restraining Order, and have provided satisfactory notice to defendants and appropriate verification of that notice to the Court.

1

## I. CAUSE OF ACTION

1. This is a cause of action to enforce a July 15, 2005 settlement agreement consummated in compliance with the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400 *et seq.*, and its implementing regulations 34 C.F.R. Part 300, as well by the Rules of the Board of Education of the District of Columbia, and federal common law. The initial Hearing request was filed June 21, 2005 at the District of Columbia Student Hearing Office.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400 *et seq.*, and its implementing regulations at 34 C.F.R. Part 300.

3. This Court has jurisdiction pursuant to the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794.

4. This Court has jurisdiction pursuant to the Americans with Disabilities Act ("ADA"). 42 U.S.C. §§ 12101 *et seq.* The Americans with Disabilities Act ("ADA") prohibits any public entity from employing methods of administration that have the effect of defeating or substantially impairing accomplishment of the objectives of that public entity's program with respect to individuals with disabilities, in his case *sub judice*, the provision of a free, appropriate public education. 28 C.F.R. § 35.130 (b) (3) (ii).

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331- Federal question.

6. Declaratory relief is authorized via 28 U.S.C. §§ 2201 and 2202.

7. This Court has jurisdiction to enforce the Rules of the Board of Education of the District of Columbia as set out in the D.C. Municipal Regulations, and additionally at 5 D.C. Mun. Regs § 3004.1.

### III.     THE PARTIES

(Plaintiffs)

8. K.W. was born September 9, 1997, and is the minor daughter of Tracy Cain with whom she resides with in the District of Columbia. K.W. has been a student at defendant's school since August 2002. K.W. is the special needs student.

9. L.C. was born October 2, 1994, and is the minor daughter of Tracy Cain with whom she resides with in the District of Columbia. L.C. has been a student at defendant's school since August 2002. L.C. is the sister of K.W., and is not a special needs student.

10. Tracy Cain is a resident of the District of Columbia and adult parent of K.W. and L.C. Tracy Cain brings this action on behalf of daughters K.W. and L.C., and in her own right.

(Defendants)

11. The Arts & Technology Academy Public Charter School is a licensed public District of Columbia charter school required under law to provide students with disabilities a free, appropriate public education designed to meet their unique needs. *See*, "IDEA", Rehabilitation Act of 1973 and "ADA." Errick Green in his official capacity as head of school is responsible for ensuring that all federal and District laws and regulations are followed, and that all disabled children at his public charter school receive a free, appropriate public education.

12. Christine Bell of Brustein & Manasevit is the attorney of record for defendants at the administrative Hearing before the District of Columbia Public Schools' Student Hearing Office. *See,* 34 C.F.R. §§ 300.507-300.511. In her capacity as counsel for defendants she signed a settlement agreement to provide K.W. with a free, appropriate public education designed to meet K.W.' unique needs pursuant to "IDEA", and its implementing regulations, as well as by the Rules of the Board of Education of the District of Columbia, and federal common law.

## IV.	FACTS

13. In early February 2005 plaintiffs provided defendants with notice that K.W. and L.C. would return to the Arts & Technology Academy Public Charter School for the following 2005-2006 academic school year.

14. In March 2005 plaintiff-Tracy Cain made complaints and demands for special education evaluations, services, and determinations and placements for K.W. upon defendants at the Arts & Technology Academy Public Charter School.

15. Subsequently, during March 2005 defendants meet with plaintiff-Tracy Cain and agreed to perform evaluations, tests, and determinations on the learning disabled K.C. Next, defendants promised to meet and confer with plaintiff-Tracy Cain on the results from the evaluations, assessments, and determinations, and provide said plaintiff a copy of all evaluations, tests and determinations pursuant to law.

16. Defendants, Arts & Technology Academy Public Charter School, failed to perform any evaluations, assessments, tests or determinations, and failed to meet and confer with plaintiff-Tracy Cain and provide copies of any special education testing or information.

17. For the entire career of the child, each year plaintiff-Tracy Cain has asked defendants to perform evaluations, assessments, tests and determinations on K.W.' well documented "disabilities". Yet, defendants ignored plaintiff-Tracy Cain and did nothing but to document the K.W.' obvious "disabilities."

18. Plaintiff-Tracy Cain sued defendants before the District of Columbia Student Hearing Office by filing a Hearing Request on June 21, 2005.

19. Plaintiff-Tracy Cain sued defendants at the administrative Hearing alleging violation of 34 C.F.R. § 300125 (CHILD FIND) and 5 D.C. Mun. Regs § 3004.1 (DCMR).

20. Plaintiff-Tracy Cain sued defendants at the administrative Hearing alleging violation of 34 C.F.R. §§ 300.531-300.533, and 34 C.F.R. § 300.535 for failure to perform the agreed upon evaluations, assessments and determinations.

21. Plaintiff-Tracy Cain sued defendants at the administrative Hearing alleging violation of 34 C.F.R. § 300.534 for failure to provide written evaluation and assessment results, and to meet and confer with the parent.

22. On July 15, 2005 plaintiffs and defendants consummated a settlement agreement pursuant to "IDEA", and its implementing regulations as well as by the Rules of the Board of Education of the District of Columbia, and federal common law, to provide K.C. with a free appropriate public education to meet K.C.' unique special education needs.

23. On or about August 28, 2005 plaintiffs went to school for the first day of school, and defendants refused to allow plaintiffs to attend school.

24. Defendants' justification for denial, refusal to allow plaintiffs to attend school was because plaintiff-Tracy Cain did not fill out a second form. Plaintiff-Tracy Cain explained that she completed the first forms in February 2005, and never received a second form in the mail or by messenger delivery. Nevertheless, defendants block, deny, and refuse plaintiffs to enter the school.

## V.     COUNT I

25. Plaintiffs repeat and re-allege paragraphs 1-24 of this Complaint.

26. Defendants violated the settlement agreement pursuant to the "IDEA" 20 U.S.C. §§ 1400 *et seq.*, and its implementing regulations 34 C.F.R. Part 300, and the federal common law to provide K.W. with a free appropriate public education designed to meet K.W.' special needs.

27. WHEREFORE, plaintiffs' demand that K.W. (the special needs child) be immediately enrolled at defendants' Arts & Technology Academy Public Charter School for the 2005-2006 school year.

28. WHEREFORE, plaintiffs' demand that defendants immediately and fully comply with the terms and conditions of the July 15, 2005 settlement agreement in accordance to "IDEA" and its implementing regulations, as well as by the Rules of the Board of Education of the District of Columbia, and federal common law to provide K.W. a free, appropriate public education which meet her special needs.

## VI.    COUNT II

29. Plaintiffs repeat and re-allege paragraphs 1-25 of this Complaint.

30. Defendants violated the settlement agreement pursuant to Rehabilitation Act of 1973 (Section 504), the ADA and the Rules of the Board of Education of the District of Columbia to provide K.W. with a free appropriate public education designed to meet K.W.' special needs.

31. WHEREFORE, plaintiffs' demand that K.W. (the special needs child) be immediately enrolled at defendants' Arts & Technology Academy Public Charter School for the 2005-2006 school year.

32. WHEREFORE, plaintiffs' demand that defendants immediately comply with the terms and conditions of the July 15, 2005 settlement agreement in accordance to the Rehabilitation Act of 1973 (Section 504), the ADA and the Rules of the Board of Education of the District of Columbia to provide K.W. with a free appropriate public education designed to meet K.W.' special needs.

## VII. COUNT III

33. Plaintiffs repeat and re-allege paragraphs 1-24 of this Complaint.

34. Plaintiff-Tracy Cain's daughter L.C. is the sister of learning disabled K.W. L.C. is not learning disabled. L.C. is being denied the right to return and register at defendants' Arts & Technology Academy Public Charter School in retaliation due to her sister's "IDEA" litigation.

35. Pursuant to the equity powers of this Court, defendants must be ordered to enroll L.C. back in school along with her special needs sister K.W.

36. WHEREFORE, plaintiffs demand that defendants immediately enroll L.C. at defendants' Arts & Technology Academy Public Charter School for the

2005-2006 school year.

## VIII. COUNT IV

37. Plaintiffs repeat and re-allege paragraphs 1-36 of this Complaint.

38. Defendants are in continuing violation of the "IDEA", and its implementing regulations, the Rules of the Board of Education of the District of Columbia, the Rehabilitation Act 1973 (Section 504), the ADA and the federal common law.

39. WHEREFORE plaintiffs' demand that the defendants provide written assurances, in a form satisfactory to this Court that the minors have returned to the defendants' Arts & Technology Academy Public Charter School and registered for the 2005-2006 school year.

40. WHEREFORE, plaintiffs' demand that defendants report to this Court, in a form satisfactory to this Court, that the July 15, 2005 Settlement Agreement has been executed in compliance with federal law regarding defendants' compliance with any Order entered against them by this Court, until such time as this Court determines that the rights of plaintiffs are no longer being violated or in immediate jeopardy of violation, thereby making continued monitoring by this Court unnecessary.

## IX. REMEDY

WHEREFORE, plaintiffs respectfully request that this Court:

1. Issue judgment for plaintiffs and against defendants;

2. Issue appropriate injunctive relief ordering defendants to immediately admit K.W. into the Arts & Technology Academy Public Charter School for the 2005-2006

school year.

3. Issue appropriate injunctive relief ordering defendants to comply with the July 15, 2005 settlement agreement in full compliance with all federal laws and state laws.

4. Issue appropriate injunctive relief ordering defendants to immediately admit L.C. into the Arts & Technology Academy Public Charter School for the 2005-2006 school year.

5. Order defendants to give written assurances, in a form satisfactory to the Court, that the minors have returned to the Arts & Technology Academy Public Charter School and registered for the 2005-2006 school year.

6. Order defendants to report to this Court, in a form satisfactory to this Court, that the July 15, 2005 settlement agreement has been executed in full compliance with federal and state law, regarding defendants' compliance with any Order entered against them by this Court, until such time as this Court determines that the rights of plaintiffs are no longer being violated or in immediate jeopardy of violation, thereby making continued monitoring by this Court unnecessary.

7. Award plaintiffs' attorney's fees and the costs of this action before this Honorable Federal Court. See, "IDEA", 20 U.S.C. § 1415 (e) (4) (B).

8. Award any other relief the Court deems just and equitable.

Respectfully submitted,

*[signature]*

Roy Carleton Howell (415142)
8003 Parkside Lane, N.W.
Washington, D.C. 20012
Phone (202) 545-0750
Phone (202) 545-0755