## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRACY CAIN, *et al.*,

       Plaintiffs

       v.                                   Civil Action No.**1:05CV 01773**
                                           JUDGE:  James Robertson

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, *et al.*,

       Defendants.

## RULE 16(d) REPORT

### COMPLIANCE WITH COURT ORDER:

On 20th September 2005 at 1:45 pm plaintiffs' counsel telephoned Ms. Christine D. Bell to comply with Rule 16 (d).  Ms. Bell was out of town and therefore plaintiffs' counsel discussed the report with a Mr. Manasevit.  See, Exhibits 1 & 2.  Plaintiffs' counsel made all corrections requested.  Mr. Manasevit asked plaintiffs' counsel to call back and review the document with Ms. Bell.  Hence, on 23rd September 2005 at about 11:00 am plaintiffs' counsel again telephoned to comply with Rule 16 (d).  Thereupon, Ms. Bell asked for one change in a date, and it was immediately made.  Plaintiffs' counsel is unable to get Ms. Bell's cooperation and signature.  The arguments of Ms. Bell are not relevant to the matters to be discussed by the parties in the Report.

Plaintiffs' counsel respectfully submits that a status conference is not necessary.  The dates on the proposed Rule 16 (d) Report are reasonable.  A status conference will only

1

be a waste of the court's time. Pursuant to this report, defendants' counsel can file dispositive motions in this matter. Consequently, plaintiffs submit a proposed scheduling Order.

**THE REPORT:**

This case concerns the appeal of an *Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.* settlement agreement consummated in the hearing process before the District of Columbia Public School's Student Hearing Office. Rule 16(c) matters were discussed and agreed upon as follows.

1.     The parties agree that this case is likely to be decided by dispositive motion.

2.     The parties agree that the date for joinder of parties and pleading amendments should be 15 days after the filing of the administrative record. The parties agree that the issues in this case concern whether plaintiffs were wrongfully excluded from defendants' public charter school and denied a free appropriate public education (*FAPE*). The parties differ on the issues and facts concerning L.C.

3.     Defendants state that they do not desire this case to be assigned to a magistrate judge. Plaintiffs state that they do not desire this case to be assigned to a magistrate judge.

4.     Defendants state that they do not know whether there is a reasonable possibility of settling this case. Plaintiffs state that they do not expect the case to be settled, and do not see any reasonable possibility of settlement at this stage.

5.     Neither party believes that referral of this case to ADR would be useful at this stage.

6.     Both parties expect this case to be resolved by dispositive motions. The issues

involved appear to be largely legal.  The parties suggest the administrative record to be filed by the defendants by October 11, 2005.  The parties suggest that dispositive motions be filed by November 14, 2005, and responses to all dispositive motions filed by December 16, 2005;  finally, replies will be filed on December 30, 2005. After briefing is completed, a decision on the merits should be issued within 30 days or at this Court's discretion.

7.      The parties have already stipulated to dispense with the mandatory disclosure procedure.

8.      At this time, the parties agree there may not be need for formal discovery in this case, but reserve the right for discovery which will close on November 7, 2005.  The pleadings and affidavits filed in this case coupled with the record of the administrative proceeding comprise all of the documentary evidence that the parties expect to be presented in this case.  Plaintiffs and defendants already possess all these materials. Defendants will obtain the administrative record and file with this court by October 11, 2005.  If needed the plaintiffs will cross exam defendants' three witnesses who have submitted affidavits to this court, and they are: (1)  Errick Greene,  (2)  Tamika Preston and (3)  Tara King.  If needed, the plaintiff will present Tracy Cain for direct examination, and reserves the right to call other witnesses.  If needed the defendants will conduct direct examination of their three witnesses who have submitted affidavits to this court, and they are: (1)  Errick Green, (2)  Tamika Preston, and (3)  Tara King, or call other witnesses.  Defendant reserves the right to cross exam Tracy Cain.  The parties have agreed that as of this time there likely will be no need for the taking of depositions, but should the need arise the parties will cooperate and the deadline for depositions will

3

be November 7, 2005. At this time it appears that neither side will need to submit interrogatories or requests for admissions, but should the need arise the parties will cooperate and the deadline for all discovery will be November 7, 2005.

9.      The parties have agreed that they do not currently anticipate any need to present expert testimony in this case.

10.     This case is not a class action.

11.     The parties see no need for this case to be bifurcated or managed in stages.

12.     The parties do not expect that there will be any need for a trial or a pretrial conference, as they expect the case to be disposed of on motion. But should a pretrial conference prove necessary, a date 45 days after this Court's decision on summary judgment is suggested.

13.     The parties do not expect that there will be any need to set a trial date, but should this prove necessary, they are agreed that the trial date should be set at the pretrial conference.

14.     The parties are aware of no other matters that need to be included.

For the Plaintiffs:

*/s/ Roy Carleton Howell*
Roy Carleton Howell (415142)
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home

September 23, 2005

4