IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY CAIN )<br>Parent and Next Friend of K.W., )<br>And Parent and Next Friend of L.C. )<br>     )<br>Plaintiffs, )<br>     )<br>v.    ) <br>     )<br>ARTS & TECHNOLOGY ACADEMY )<br>PUBLIC CHARTER SCHOOL, )<br>     )<br>Defendant. )<br>     )<br>     ) | Civil Action No.: 1:05 CV 01773 |

**DEFENDANT ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL'S MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Arts and Technology Academy Public Charter School (ATA) hereby moves to dismiss Plaintiff's complaint. Plaintiff lacks the jurisdiction to bring an action on behalf of L.C. Moreover, any controversy regarding L.C. is moot because ATA offered the Plaintiff a slot in the sixth grade for L.C. In regards to K.W., all of Plaintiff's current claims were settled in the July 15, 2005 agreement between the parties and ATA has performed its duties under the settlement agreement. For any new claims that Plaintiff may be asserting, Plaintiff has failed to exhaust the administrative remedies for issues involving the Individuals with Disabilities Education Act. Thus, Plaintiff's complaint must be dismissed.

2

Respectfully Submitted,

*/s/ Christine D. Bell*
Christine D. Bell (D.C. Bar No. 472629)
Brustein & Manasevit
3105 South Street, N.W.
Washington, D.C. 20007
Tele: 202-965-3652
Fax: 202-965-8913


Counsel for Arts & Technology
Academy Public Charter School

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY CAIN )<br>Parent and Next Friend of K.W., )<br>And Parent and Next Friend of L.C. )<br>     )<br>     Plaintiffs, )<br>     )<br>v.   ) | Civil Action No.: 1:05 CV 01773 |
| ARTS & TECHNOLOGY ACADEMY )<br>PUBLIC CHARTER SCHOOL, )<br>     )<br>     Defendant. )<br>     )<br>     ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant Arts and Technology Academy Public Charter School (ATA) hereby moves to dismiss Plaintiff's complaint. This case involves a mother's claim on behalf of both of her daughters, L.C. and K.W. The older child, L.C., is a sixth grade student and has not been identified as eligible for special education. K.W. is a third grader and was identified as potentially eligible for special education and related services. Both girls attended ATA for the past four years. Nonetheless, the Plaintiff did not complete the enrollment process for either daughter and hence brought this action seeking their placement at ATA.

The controversy relating to the enrollment of L.C. is moot because ATA offered the Plaintiff a slot in the sixth grade for her daughter. Moreover, Plaintiff lacks the

jurisdiction to bring an action on behalf of L.C. In regards to K.W., the majority of the claims Plaintiff now brings were settled in an agreement dated July 15, 2005. Any new claims, i.e. the claim that ATA failed to abide by the agreement, must be dismissed because Plaintiff has failed to exhaust her administrative remedies.

## FACTS

Defendant ATA is a public charter school that received its charter in the fall of 1999. It has approximately 615 students in pre-kindergarten through sixth grade.

The Plaintiff is a parent and next friend of both K.W. and L.C. K.W. has attended ATA since kindergarten. L.C. began at ATA as a second grader. K.W. was promoted to the third grade, and her sister, L.C., was promoted to the sixth grade for this school year. In March 2005, K.W. was identified as a student who may be eligible for special education and related services.

L.C. has not been identified as a child with a disability. See Compl. at ¶ 34. Plaintiff alleges that ATA retaliated against L.C. in response to the litigation over K.W.'s potential special education needs. Id.

### A.    The Enrollment Status of K.W. and L.C.

Enrollment in a District of Columbia public charter school is open to all students who are residents of the District. See D.C. Code 38-1702.07. If space permits, non-residents may pay tuition to attend a charter school. The enrollment term at ATA is for one year only. See Aff. of E. Greene at Ex. A. Thus, all students must re-enroll each year. The re-enrollment process for current students consists of two steps. First, a parent must complete the re-enrollment commitment form between February 1 and March 31. This form is date-stamped to identify ATA's receipt of it. Ms. Cain submitted this form

on February 14, 2005 for both K.W. and L.C. See Ex. D. The re-enrollment form clearly states that the enrollment process is not complete until the school receives all of the requisite information. This second step of the enrollment process requires residency verification, which can not begin until July 1.

The residency verification process requires parents to provide proof of their District of Columbia residency by presenting, among other things, a current motor vehicle registration, a valid lease or rental agreement, utility bills, proof of payment of D.C. personal income tax, a current pay stub, current military housing orders, or a valid court order indicating that the student is a ward in the District of Columbia. D.C.M.R. Tit. 5, ch. 9, §916. If a parent fails to complete the second step, a child cannot be enrolled in the school. See id. The enrollment policy is clearly stated in the Parent Handbook, which is distributed yearly. See Aff. of E. Greene at Ex. A; Ex. E.

For the 2005-2006 school year, parents were instructed to bring in the proof of residency to ATA between July 1 and July 15. The information cannot be provided prior to July 1. ATA makes several efforts to remind parents of the residency verification step. A letter reminding parents of the needed residency verification was sent via first class mail on June 13, 2005. See Aff. of T. Preston at Ex. B; Ex. F. Even if that letter did not make it to the parent, a second letter was also sent by first class mail on August 4, 2005. See Aff. of T. Preston at Ex. B; Ex. G. Neither of the letters sent to Ms. Cain were returned indicating a wrong address. See Aff. of T. Preston at Ex. B. ATA attempted to call the Plaintiff on both July 19 and August 12, 2005 to remind her of the needed residency verification, however, the telephone number listed by the Plaintiff on the re-

3

enrollment form was disconnected. See Aff. of T. Preston at Ex. B; Ex. H. At that time, ATA did not have another telephone number for the Plaintiff. Id.

ATA continued to accept the residency verification documentation for students with completed re-enrollment forms through August 12, 2005. On August 16, 2005, ATA started enrolling students on its wait lists. The wait lists consisted of new students as well as students who, like K.W. and L.C., had re-enrolled, but did not provide the required residency verification. See Aff. of E. Greene at Ex. A; Aff. of T. Preston at Ex. B. For this school year, there were approximately 230 total students on ATA's waiting lists for pre-K through 6th grade. See Aff. of T. Preston at Ex. B. There is a waiting list for each grade level. The list for both the third and sixth grades each had approximately twenty to twenty-five students. Id.

The Plaintiff's children have attended ATA for the past four years, during which the same enrollment procedure has been in place. For each of the four years, Ms. Cain provided the necessary residency verification information. As such, ATA had no reason to believe that Plaintiff would not follow the procedure, as she had in the past, if her intent was to re-enroll her children.

On August 25, 2005, Ms. Cain brought her residency verification information to ATA. Shortly after, a slot in the 6th grade became available and was offered to the Plaintiff for L.C. See Aff. of T. Preston at Ex. B. The Plaintiff declined the sixth grade slot thereby choosing not to enroll her daughter, L.C. Id. To date, no slot has opened in the third grade. K.W. remained on the waiting list until the Plaintiff took her off the wait list.

### B. K.W. Has Yet to be Deemed Eligible For Special Education and Related Services.

Pursuant to 34 C.F.R. §300.531[1], a request for an initial evaluation of K.W. was submitted on March 17, 2005. See Aff. of T. King at Ex. C; Ex. J. Dr. Paul Frye, a clinical psychologist, performed the psycho-educational evaluation on March 22 and again on April 4, 2005. See 34 C.F.R. §300.531; Ex. K. Typically, it takes four to six weeks for ATA to receive a report from the evaluation. Aff. of T. King at Ex. C.

The parent, through counsel, filed a due process hearing request with the District of Columbia Public Schools Student Hearing Office on June 6, 2005 alleging that ATA had failed to identify and evaluate K.W. These allegations were incorrect. ATA had identified K.W. as a child who may be eligible for special education or related services and had evaluated the student. See Ex. J and K. In other words, in identifying K.W. for an evaluation, ATA began the process of determining whether she is eligible under IDEA for special education. The next step is for ATA to hold a multidisciplinary team (MDT) meeting to review the evaluation and determine whether K.W. was eligible for special education and related services. 34 C.F.R. §300.534.[2]

ATA and the Plaintiff, through counsel, entered into a settlement agreement on July 15, 2005. ATA's obligation under the settlement agreement was to hold the necessary MDT meeting to review the evaluation during the first two weeks of school. See Ex. L. ATA has made several efforts to hold the meeting. As required under the

---

[1] Please note that under the Notice of Proposed Rulemaking issued under the Individuals with Disabilities Education Improvement Act of 2004, the U.S. Department of Education has proposed to renumber this section to be 300.301. Assistance to States for the Education of Children with Disabilities; Preschool Grants for Children With Disabilities; and Service Obligations Under Special Education—Personnel Development To Improve Services and Results for Children With Disabilities; 70 Fed. Reg. 35,782 (June 21, 2005 (to be codified at 34 C.F.R. pt. 300). The regulation will not change substantively.

[2] As described in Footnote 1, under the Notice of Proposed Rulemaking this section will be recodified as 34 C.F.R. §300.306.

5

agreement, ATA sent a letter of invitation to Plaintiff by first class mail on August 19, 2005 proposing three dates for the MDT meeting. See Ex L at ¶ 4; Ex. M. ATA's special education teacher confirmed the meeting for August 30, 2005 with Ms. Cain by telephone. See Aff. of T. King at Ex. C. On August 30, 2005, ATA convened the necessary staff to review the evaluation and to perform the eligibility determination; however, Ms. Cain failed to attend the MDT meeting. Id. Generally, a parent must participate in the eligibility determination meeting. 34 C.F.R. §300.306. As such, Ms. Cain's failure to attend prevented the MDT meeting from taking place on August 30th. ATA then sent another letter of invitation to the Plaintiff proposing three new dates for the meeting. See Ex. M. The Plaintiff has yet to respond.

## ARGUMENT

Plaintiff's complaint alleges three counts against ATA. Counts I and II allege K.W. has been denied a free and appropriate public education because ATA violated the July 15th settlement agreement. The third count alleges that ATA denied L.C. the right to return to school in retaliation of her sister's IDEA litigation. ATA will address Count III first.

### A.   Count III

Count III must be dismissed due to the lack to of subject matter jurisdiction because there is no case or controversy and further, the Court lacks the federal question jurisdiction.

       1.   Plaintiff Lacks Subject Matter Jurisdiction There is No Case or Controversy as Applied to L.C.
       2.

Article III of the United States Constitution requires a lawsuit to involve a live "case or controversy" in order to be subject to the federal court's judicial power. Here,

6

Plaintiff alleges that her daughter, L.C., was improperly denied a slot in ATA's sixth grade. Plaintiff's requested relief is for L.C. to attend ATA. Plaintiff's claim is moot because prior to the filing of this complaint, ATA offered L.C. a slot in the sixth grade. See Aff. of T. Preston at Ex. B. The Plaintiff subsequently denied the slot. Since the controversy over whether L.C. can be re-enrolled at ATA is moot, Count III must be dismissed. See Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed.Cir. 1995).

2. The Court Lacks Federal Question Jurisdiction.

Even if the Court finds that Plaintiff's facts can support a live "case or controversy", the Court lacks federal question jurisdiction as applied to L.C.[3] Plaintiff claims federal question jurisdiction for asserting claims under IDEA, the Rehabilitation Act of 1974, and the Americans with Disabilities Act (ADA). As Plaintiff clearly states in her own complaint, "L.C. is not learning disabled." Because L.C. has not been identified as or even suspected of being a child with a disability, she is not protected under IDEA, the Rehabilitation Act, or the ADA.[4] These laws simply do not apply to L.C. whatsoever and accordingly, the court lacks federal question jurisdiction over L.C. Pursuant to Federal Rule of Civil Procedure (F.R.C.P.) 12(b)(1), Plaintiff's claim must be dismissed.

**B.  Count I and II.**

Counts I and II both allege that ATA has denied K.W. a free and appropriate public education (FAPE). Count I asserts that denial of FAPE is a violation of IDEA

---

[3] There is no assertion of diversity in this matter. Both parties reside in the District of Columbia.
[4] Even if L.C. had protections under IDEA, the Plaintiff has yet to pursue any possible claim in the administrative process for the District of Columbia Public Schools and would hence be barred from bringing such an action in district court until the exhaustion of the administrative process.

while Count II relies upon the Rehabilitation Act of 1974 and the ADA. Both counts must be dismissed because Plaintiff's claims are either moot due to the settlement agreement or not ripe for federal litigation due to Plaintiff's failure to exhaust the administrative remedies.

        1.      <u>The IDEA Claims Related to K.W. Were Settled in the July 15, 2005 Agreement.</u>

According to Plaintiff's complaint, this action is to enforce a July 15, 2005 settlement agreement. Complaint at ¶ 1. The parties entered into the agreement "in full satisfaction and settlement of all the claims contained [in a June 21, 2005 hearing request]; including all claims that the parent now asserts or could have asserted" as of the date of the agreement. See Ex. L. Under this agreement, ATA is obligated to hold an MDT meeting to review the K.W.'s psycho-educational evaluation. See Ex. L at ¶ 1. ATA has attempted to satisfy its obligation under the agreement. ATA has made multiple efforts to schedule and hold the MDT meeting. Since the execution of the agreement, ATA's Director of Student Support Services sent two letters of invitation offering six potential dates for the MDT meeting. The Plaintiff confirmed August 30th as the date for the meeting, and ATA arranged for the necessary personnel, including a clinical psychologist, a special education teacher, and a general education teacher, to participate. The Plaintiff failed to attend the August 30th meeting and has yet to select a second date. At no time has ATA violated the agreement. Plaintiff's failure to participate in a meeting must not provide access to district court. Hence, at this time there is no viable claim and under F.R.C.P. 12(b)(6), Plaintiff's Count I and II must be dismissed.

### 2. Plaintiff Has Failed to Exhaust the Administrative Remedies for Any New Claims for K.W.

As stated above, the Plaintiff alleges this is simply an action to enforce the July 15 settlement agreement. However, Plaintiff's allegation that ATA enrollment policy has denied her daughter FAPE is beyond the terms of the agreement. See Compl. at ¶ 24. Furthermore, the enforcement of the settlement agreement is appropriate for the administrative process. Under the Individuals with Disabilities Education Improvement Act of 2004, the United States' district courts have jurisdiction over actions brought under the procedural safeguard section of the law. 20 U.S.C. §1415(i)(3)(A). However, the right to bring a civil action applies to a party who is appealing the findings and decision made under the impartial due process hearing procedures or as related to a change in placement due to a discipline decision. 20 U.S.C. §1415(i)(2)(A). The District of Columbia Public Schools has created an impartial due process hearing procedure codified in 5 D.C.M.R. §3022. Ms. Cain simply has failed to file a request let alone await a decision that she could appeal. She can file a due process hearing complaint stating any new claims in addition to the allegation that ATA has failed to abide by the settlement agreement. In other words, Plaintiff clearly has failed to exhaust her administrative remedies, which is a prerequisite for litigating a federal claim.

Accordingly, under F.R.C.P. 12(b)(1), this failure to pursue the administrative remedies is grounds to dismiss the complaint. See Hart v. Department of Labor, 116 F.3d 1338 (10th Cir. 1997).

### III. CONCLUSION

Defendant ATA respectfully requests that Plaintiff's complaint be dismissed with prejudice.

Respectfully Submitted,

*/s/ Christine D. Bell*
Christine D. Bell (D.C. Bar No. 472629)
Brustein & Manasevit
3105 South Street, N.W.
Washington, D.C. 20007
Tele: 202-965-3652
Fax: 202-965-8913

Counsel for Arts & Technology
Academy Public Charter School

### CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2005, a copy of the Defendant's Motion to Dismiss was served electronically to:

Roy Carleton Howell
8003 Parkside Lane, N.W.
Washington, D.C. 20012

*/s/ Christine D. Bell*
Christine D. Bell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY CAIN )<br>Parent and Next Friend of K.W., )<br>And Parent and Next Friend of L.C. )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>ARTS & TECHNOLOGY ACADEMY )<br>PUBLIC CHARTER SCHOOL, )<br>  )<br>Defendant. )<br>  )<br>  ) | Civil Action No.: 1:05 CV 01773 |

**ORDER**

UPON consideration of Defendant Arts and Technology Motion to Dismiss with accompanying memorandum and exhibits and any response thereto, the Court hereby ORDERS that:

Plaintiff's claims be DISMISSED with prejudice.

Dated: _____

_____
United States District Court Judge