IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.

      Plaintiffs

v.                                        Civil Action No. **1:05CV01773**
                                        JUDGE: James Robertson

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, *et al,*.

      Defendants.

## PLAINTIFFS'[1] OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs file this opposition to defendants' motion to dismiss, and defendants' motion must be denied as a matter of law.

**(I)    GLOSSARY OF WORDS OF ART IN SPECIAL EDUCATION:**

a)    *IDEA* is the Individuals With Disabilities Education Act. 20 U.S.C. §§ 1400 *et seq.*

b)    *IEP* is an Individual Education Program.

c)    *FAPE* is a free appropriate public education.

d)    *MDT* is a multi-disciplinarily team of required professionals to execute an *IEP* pursuant to *IDEA* and *34 C.F.R. Part 300 et seq.*

e)    *LD* means a student is learning disabled.

f)    *ED* means a student is emotionally disturbed.

g)    DCPS means the District of Columbia Public Schools.

---

[1] Pursuant to a 28th September 2005, 3:00 pm Status Conference in the Chambers of the Honorable Judge James Robertson, the parties resolved the claims of LC the child without special needs born 2nd October 1994.

1

**(II)   PURSUANT TO D.C. LAW KW WAS WRONGFULLY EXCLUDED FROM DEFENDANTS' SCHOOL.**

Pursuant to defendants' own admission plaintiff completed the re-enrollment form in February 2005, and consummated an *IDEA* settlement agreement in July 2005, therefore defendants were well aware of plaintiffs' return for the 2005 – 2006 year.

Next, plaintiff complied with *D.C.M.R. Title 5, chapter 9, § 916* in August 2005 when she brought residency verification information to the defendants in compliance with DCPS Superintendent's June 10, 2005 guidelines, which provide *inter-alia*:

> Failure to complete the requirements for residency or presentation of immunization records will result in the student's exclusion from attendance until the requirements are met. *See*, EXHIBIT # 1.

The controlling language from DCPS in regard to exclusion for residency and immunization verification is "until the requirements are met." On or about the first day of school, pursuant to defendants' own admission, plaintiff "brought her residency verification information to ATA." *See*, Defendants' Motion To Dismiss. Insofar as plaintiffs have complied with *D.C.M.R. Title 5, chapter 9, § 916* and the DCPS Superintendent's June 10, 2005 guidelines, in turn the defendants' exclusion of KW was in violation of D.C. law.

**(III)   AS A MATTER OF LAW KW IS ELIGIBLE FOR *IDEA* BENEFITS.**

**(A)   *CHILD FIND JURISDICTION, 34 C.F.R. § 300.125 (a) (1) (i) and (2) (ii)*:**

Defendants' argument that KW has yet to be deemed eligible for special education and related services is without merit. KW is eligible for *IDEA* benefits pursuant to *CHILD FIND § 34 C.F.R. § 300.125 (a) (1) (i) and (2) (ii)*. *See*, Exhibit # 2. Pursuant to *34 C.F.R. § 300.125 (a) (1) (i) and (2) (ii)* KW was suspected of disability, in need of special education, even though she advanced from grade to grade. *See*, Exhibit # 3.

2

Hence, plaintiffs have a *prima facie* case pursuant to *CHILD FIND*. Moreover, in regard to plaintiffs' documentary evidence from the administrative record below, defendants bear the burden of proof that their actions met the educational needs of the child. *5 D.C.M.R. 3030.3.*

**(B)    THE *INITIAL EVALUATION, 34 C.F.R. § 300.531*, FOUND KW *LD* AND RECOMMENDED *IDEA* BENEFITS.**

The regulatory purpose of *34 C.F.R. § 300.531* is to help identify the individual special needs of a child in order to ascertain the appropriate IEP. *Also see, Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at pp. 181-182 (1982).* By defendants' own admission, their psychologist executed a psycho-educational evaluation of KW and found her *LD*, then recommended "specialized education resources" for the child. *See,* Exhibit # 4. Defendants' psychologist stated, *inter-alia:*

> **RECOMMENDATIONS**
>
> 1. The *IEP* should focus on consideration for Special Ed classification as *LD*, based on present evaluation results.
>
> 2. An intensive reading program with a focus on helping her develop skills in processing written language should be instituted. Individualized or small group work in reading comprehension skills along with other specialized education resources should be put into place for KW. *See,* Exhibit # 4.

Defendants' above documentary evidence pursuant to *34 C.F.R. § 300.531* proves KW as *LD* in need of and special education services pursuant to the *IDEA*.

3

**(IV)    AN *IEP* CAN NOT BE CONDUCTED ON A CHILD EXCLUDED FROM THE SCHOOL.**

**(A)    A SETTLEMENT AGREEMENT MUST COMPLY WITH THE *IDEA* AND THE FEDERAL REGULATIONS.**

What defendants fail to understand is that an *MDT* is convened to execute an *IEP* to provide *FAPE* pursuant to the *IDEA*. *Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at pp. 181-182 (1982)*. Pursuant to *Rowley, supra*, the defendants must insure the following:

> First, has the State complied with the procedures set forth in the [*IDEA*]? And second, is the individual educational program developed through the [*IDEA's*] procedures reasonably calculated to enable the child to receive educational benefit. *Rowley, supra at pp. 206-207.*

Defendants proposed plan to hold an *MDT* to execute an *IEP* on an excluded non-attending student violates the above two prong standards set out in *Rowley, supra*. An *IEP* can not be executed on an excluded, non-attending student. It is legally prohibited, and factually illogical. Pursuant to Evaluation Procedures *34 C.F.R. § 300.532 (g) and (j)*, defendants are legally required to evaluate KW in all areas of suspected disability. It is simply impossible for defendants to comply with *34 C.F.R. § 300.532 (g) and (j)* where they have excluded KW from their school. In order to fully evaluate and assess a child for an *IEP* to provide *FAPE*, the child must attend the school.

In order to execute an appropriate *IEP* to provide *FAPE* pursuant to the *IDEA*, the child's current teacher must attend and participate in the *MDT* meeting for *IEP* execution. *See, Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 182 (1982).*

> The *IEP*, which is prepared at a meeting between a qualified representative of the local education agency, the child's teacher,

4

>the child's parents or guardian, and, where appropriate, the child
>... *Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 182 (1982).*

The law is clear that the child's teacher must attend the *MDT* for *IEP* execution to provide *FAPE* pursuant to the *IDEA*. *See, 34 C.F.R. § 300.346 (d).* Where KW is excluded from defendants' school, in turn it is impossible to convene an *MDT* with her current regular education teacher. Moreover, the law requires an observation of KW in her current classroom setting by a team member other than the child's regular classroom teacher to observe her academic performance. *See, 34 C.F.R. § 300.542 (a).* Not only is it legally impermissible for defendants to hold an *MDT* for an *IEP* on an excluded student, but it is unreasonable and makes no common sense. It is necessary and proper to have the child in attendance[2] at the school in order to conduct the various evaluations, assessments and observations in order to provide *FAPE*. *See, Board of Education of Hendrick Hudson Central District v. Rowley, 458 U.S. 176, at p. 182 (1982).*

**(V)  PLAINTIFFS HAVE EXHAUSTED THE ADMINISTRATIVE PROCESS, OR ALTERNATIVELY MAY BYPASS FURTHER ADMINISTRATIVE REVIEW WHERE EXHAUSTION WOULD BE FUTILE OR INADEQUATE.**

**(A)  PLAINTIFFS HAVE EXHAUSTED THE ADMINISTRATIVE PROCESS.**

Plaintiffs filed a petition for a due process hearing before the DCPS hearing office. *See,* EXHIBIT # 2. The DCPS hearing office assigned a hearing date and the parties accepted said date. *See,* EXHIBIT # 5. The administrative record below will confirm that all parties complied with the procedures required by *34 C.F.R. Part 300 et seq.*, and the *IDEA* (and the RULE 16 (d) Report requires defendants to file the administrative

---

[2] Moreover, as a matter of law the parents of handicapped children must be notified of any proposed change in placement of the child. *See. Rowley, supra at p. 182.*

record by October 11, 2005). The parties executed a settlement agreement pursuant to the *IDEA*, and resolved the administrative case. Defendants breached the *IDEA* agreement, and plaintiffs appealed to a federal court. Therefore, in view of the foregoing, plaintiffs have exhausted the administrative process.

**(B)**     **PURSUANT TO *HONIG V. DOE*, 484 U.S. 305, 327-328 (1988) A PARENT MAY BYPASS THE ADMINISTRATIVE PROCESS WHERE EXHAUSTION WOULD BE FUTILE OR INADEQUATE.**

Pursuant to the *IDEA* and the regulations at *34 C.F.R. Part 300 et seq.*, a DCPS hearing officer does not have authority to enjoin defendants from excluding a *LD* child. Here, *sub judice,* a DCPS hearing officer can not order defendants to admit KW. However, a federal judge can enjoin a public institution from excluding an *LD* child from school and changing placement. *Doe v. Maher, 793 F2d 1470, 1486 (9th Cir. 1986), aff'd Honig v. Doe, 484 U.S. 305 (1988).* Thus, to file a second hearing request to enforce a settlement agreement from a prior hearing would be futile and/or inadequate when a hearing officer does not have authority to enjoin defendants from excluding KW from school. *Honig v. Doe, 484 U.S. 305, 327-328 (1988).*

> It is true that judicial review is normally not available under 1415 (e) (2) until all administrative proceedings are completed, but as we have previously noted, parents may by pass the administrative process where exhaustion would be futile or inadequate. *Honig v. Doe, 484 U.S. 305, 327-328 (1988).*

Furthermore, pursuant to *Christopher W. v. Portsmouth School Comm., 1988-89 EHLR 441: 498 (1st Cir. 1989)* it is unnecessary for plaintiffs to initiate a second hearing request to enforce an agreement from a first hearing where the questions before the court are purely legal. Here, *sub judice,* the issues before this court are purely legal.

### (C) THE LEGISLATIVE HISTORY OF THE *IDEA* RELATIVE TO EXHAUSTION OF THE ADMINISTRATIVE REMEDY.

In regard to the cogent legislative history concerning the intent of Congress on the issue of exhaustion of the administrative remedy pursuant to the *IDEA*, the remarks of Senator Williams in the Congressional Record are the following:

> Exhaustion ... should not be required ... in cases where such exhaustion would be futile either as a legal or practical matter. *See, Cong. Rec. 37416 (1975, cited in Honig v. Doe, 484 U.S. 305, at p. 328 (1988).*

Defendants' argument that plaintiffs have failed to exhaust their administrative remedies, and file a second hearing request is unreasonable, futile and impractical. In *Gaskin v. Commonwealth of Pennsylvania, 22 IDELR 702 (E.D. Pa. 1995)*, that court held that exhaustion of administrative remedies was not required because no administrative officer has the power to grant the relief requested. As aforementioned, *sub judice*, a DCPS hearing officer does not have authority to enjoin defendants from excluding KW from school, yet a federal court has that authority. In *Burlington School Committee v. Massachusetts Dept. of Education, 471 U.S. 359, at p. 373 (1985)* it was the court which addressed the issue of the unilateral exclusion of disabled children by schools, **not** hearing officers.

### (VI) DEFENDANTS HAVE VIOLATED FEDERAL COMMON LAW REGARDING THE *IDEA* PURSUANT TO *BURLINGTON SCHOOL COMMITTEE V. MASSACHUSETTS DEPT. OF EDUCATION, 471 U.S. 359, 373 (1985).*

Congress and the federal courts have both concluded that the unilateral exclusion of disabled children by schools, not courts, over a parent's objection pending completion of the review process is in violation of law. *See, Burlington School Committee v. Massachusetts Dept. of Education, 471 U.S. 359, at p. 373 (1985).* As to the intent of

7

Congress and federal precedent concerning the evils of unilateral exclusion of disabled children by schools, and not court, *Honig v. Doe, 484 U.S. 305, at p. 328* held:

> As the EHA's legislative history makes clear, one of the evils Congress sought to remedy was the unilateral exclusion of Disabled children by schools, not courts, and one of the purposes Of 1415 (e) (3), therefore, was 'to prevent school officials From removing a child from the regular public school classroom Over the parents' objection pending completion of the review Proceedings. *Burlington School Committee v. Massachusetts Dept. of Education, 471 U.S. at 373.*

Defendants have unilaterally excluded KW from school over her parent's objection pending completion of the review process in violation of law.

### (VII)   CONCLUSION

**WHEREFORE,** as a matter of law and fact the defendants' motion to dismissed must be denied.

Respectfully submitted,

_____
Roy Carleton Howell, 415142
8003 Parkside Lane, NW
Washington, D.C. 20012
Phone (202) 545-0750 - home
Phone (202) 545-0755 - office

Attorney for plaintiffs