IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY CAIN<br>Parent and Next Friend of K.W.,<br>And Parent and Next Friend of L.C.<br><br>Plaintiffs,<br><br>v.<br><br>ARTS & TECHNOLOGY ACADEMY<br>PUBLIC CHARTER SCHOOL,<br><br>Defendant. | Civil Action No.: 1:05 CV 01773 |

**DEFENDANT ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL'S REPLY TO
PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS**

Defendant Arts and Technology Academy Public Charter School (ATA) hereby replies to Plaintiff Tracy Cain's opposition to Defendant's motion to dismiss. Plaintiff's response misconstrues the factual posture of this case and selectively and inconsistently applies regulations under the Individuals with Disabilities Education Act (IDEA). In the end, Plaintiff cannot overcome the required jurisdictional hurdle necessary to proceed with her claim for her daughter, K.W.

This case involves a mother's claim on behalf of both of her daughters, L.C. and K.W. The older child, L.C., is a sixth grade student and has not been identified as eligible for special education.[1] The younger child, K.W. is a third grader and was identified as potentially eligible for special education and related services.

---

[1] In the status conference of September 28, 2005, Plaintiff's counsel accepted Defendant ATA's offer of a slot in the sixth grade to L.C. To date, the Plaintiff has not reenrolled L.C. at ATA. Footnote one of

## ARGUMENT

I.  **K.W.'s Enrollment at ATA Was For One Year.**

In Sections II and VI of her brief, Plaintiff argues that Defendant wrongly and unilaterally excluded K.W. from ATA. This is a misstatement of facts. The Plaintiff failed to reenroll her daughter in ATA, a public charter school. There is no right or guarantee to attend a charter school in the District of Columbia. In fact, charter schools operate under a separate set of enrollment and attendance laws and regulations than the District of Columbia Public Schools. Enrollment in a District of Columbia public charter school is open to all students who are residents of the District. See D.C. Code 38-1702.07. If space permits, non-residents may pay tuition to attend a charter school. If a charter school receives more applications from students who are residents of the District of Columbia than there are available spaces, students shall be admitted using a random selection process. ATA uses a lottery system to create a waiting list. Id; 5 D.C.M.R §915.3. The enrollment term at ATA is for one year only. See Aff. of E. Greene at Ex. A to Def. Motion to Dismiss. Thus, all students must re-enroll each year.

As ATA's forms, notice and handbook make clear, parents must complete the residency verification to secure a slot. Plaintiff's reliance upon District of Columbia Public School Superintendent's letter is misplaced. The municipal regulations governing the charter schools enrollment procedures are the controlling law, not the Superintendent's guidance.

---

Plaintiff's opposition states that the parties have resolved the claims of L.C. ATA thereby regards any claims involving L.C. as moot.

2

## II. The Administrative Process Can Adequately Address Plaintiff's Complaint

Plaintiff's complaint states that this is an action to enforce the settlement agreement. See Compl. at ¶ 1. Enforcement of such agreements are routinely handled at the administrative level. Now, she argues that this is an entirely new action that is out of the purview of an administrative hearing officer. Pl. Brief at p. 6. The law, Plaintiff cites in support is clearly distinguishable.

First, Honig v. Doe, 484 U.S. 305 (1988) involved the expulsion of severely emotional disturbed students and addressed the specific "stay-put" provision of IDEA that applies to children being removed from school disciplinary actions. In Burlington School Committee v. Massachusetts Dept. of Education, 471 U.S. 359 (1985), the student was taken out of their home schools and placed in schools specializing in special education over the objections of their parents. Neither of these cases applies to the case at hand. Plaintiff's daughter is not attending ATA because of Plaintiff failed to enroll her daughter; this is wholly unrelated to her potential special education needs and not at all comparable to being removed from the school on grounds of discipline or being segregated based on special education status.

Furthermore, Plaintiff's reliance upon Gaskin v. Commonwealth of Pennsylvania is misplaced for that case was a class action involving 280,000 children where it would be wholly impractical for a hearing officer to address such issues. 22 IDELR 702, Civil Case No. 94-4048 (E.D. Pa. 1995). For any claims arising at the enforcement of the settlement agreement can be addressed at the administrative hearing level.

3

### III. K.W. Has Yet to Be Determined Eligible for Special Education Services.

In her brief, Plaintiff only selectively relies upon IDEA regulations relevant to determining eligibility of a child. In doing so, Plaintiff blatantly ignores the explicit requirement in both the law and the regulations that require a team determination of eligibility of a child. 20 U.S.C. §1414(b)(4). Instead, Plaintiff cites recommendations from the psychologist and concludes that K.W. is indeed learning disabled. While this could potentially be the final determination of the multidisciplinary team, the team has not yet reached a decision. IDEA requires that the team reach the conclusion through an explicit procedure. Id. Neither a school nor a parent can simply rely upon a doctor's recommendations. For K.W., this is the next step that must be completed, and is exactly what the parties agreed to do in the settlement agreement signed in July.

Under the agreement, ATA is obligated to hold an MDT meeting to review K.W.'s psycho-educational evaluation. See Ex. L of Def. Motion to Dismiss at ¶ 1. ATA has attempted to satisfy its obligation under the agreement. ATA has made multiple efforts to schedule and hold the MDT meeting. Since the execution of the agreement, ATA's Director of Student Support Services sent two letters of invitation offering six potential dates for the MDT meeting. The Plaintiff confirmed August 30th as the date for the meeting, and ATA arranged for the necessary personnel, including a clinical psychologist, a special education teacher, and a general education teacher, to participate. The Plaintiff failed to attend the August 30th meeting and has yet to select a second date. At no time has ATA violated the agreement.

While Plaintiff completely ignores the evaluation review process, she then claims that a classroom evaluation is essential to developing an individualized education plan

4

(IEP). See Pl. Opposition at p. 4. First, before an individualized education plan can be developed, the child must be determined eligible for special education. Moreover, the list of other evaluation used in an initial evaluation does not explicitly require a classroom observation. The law states that "if appropriate" the team will review existing data on the child including "current classroom-based, local, or State assessments, and classroom based observations; and observations be teachers and related services providers." 20 U.S.C. §1414(c)(1)(A)(ii)-(iii); 34 C.F.R. §300.532  Even if the team determines a classroom observation is appropriate, neither the law nor the regulations require a classroom observation to be utterly contemporaneous with review of the evaluations and other data. In the settlement agreement, Plaintiff agreed to participate in a MDT meeting to be held during the first two weeks of school. Obviously, that meeting could have occurred on the very first day of school. Any contemporaneous observation by K.W.'s classroom teacher would have been quite brief.

Finally, any alleged CHILD FIND issue raised by the Plaintiff was also raised in the June 21, 2005 due process hearing request. The parties entered into the agreement "in full satisfaction and settlement of all the claims contained [in a June 21, 2005 hearing request]; including all claims that the parent now asserts or could have asserted" as of the date of the agreement. Thereby, any CHILD FIND issue has been settled.

## CONCLUSION

Plaintiff fails to establish the requisite subject matter jurisdiction for claims involving K.W. Defendant ATA respectfully requests that Plaintiff's complaint be dismissed with prejudice.

Respectfully Submitted,

*Christine D. Bell*
Christine D. Bell (D.C. Bar No. 472629)
Brustein & Manasevit
3105 South Street, N.W.
Washington, D.C. 20007
Tele: 202-965-3652
Fax: 202-965-8913

Counsel for Arts & Technology
Academy Public Charter School

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October 2005, a copy of the Defendant's Reply to Plaintiff's Opposition to the Motion to Dismiss was served electronically to:

Roy Carleton Howell
8003 Parkside Lane, N.W.
Washington, D.C. 20012

*Christine D. Bell*
Christine D. Bell