IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.

      Plaintiffs

v.

Civil Action No. 1:05CV01773
JUDGE: James Robertson

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, et al,.

      Defendants.

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Fed. R. Civ. P. 56 (a) and LCvR 56 .1, the plaintiffs hereby submit the following Statement of Material Facts as to which there is no genuine issue:

(1) Plaintiff Tracy Cain is the mother of K.W., and the minor's birthday is September 9, 1997.

(2) Defendants are a public District of Columbia charter school.

(3) The plaintiff Tracy Cain is a resident of the District of Columbia.

(4) Plaintiff's child K.W. attended the defendants' public District of Columbia charter school in the 2004-2005 academic year, and the 2005 Summer school. Moreover, in February of 2005 plaintiff provided defendants with NOTICE of the return of K.W. for

1

the 2005 -2006 school year by completion of the school form.

(5)    On June 6, 2005 plaintiffs filed a request for a hearing before the District of Columbia Student Hearing Office asserting that defendants violated *CHILD FIND*, *34 C.F.R. § 300.125*, and *EVALUATION and PLACEMENT* requirements per *34 C.F.R. § 300.531, 34 C.F.R. § 300.532, 34 C.F.R. § 300.533* and *34 C.F.R. § 300.535*. Moreover, defendants failed to meet plaintiff-parent and provide any performed evaluation resulting in the violation of *34 C.F.R. § 300.534*.

(6)    The District of Columbia Student Hearing Office scheduled the hearing of plaintiffs' case for July 20, 2005.

(7)    On July 8, 2005 plaintiffs filed **PETITIONER'S DISCLOSURE OF EVIDENCE AND WITNESSES** pursuant to *34 C.F.R. 300.509 (a) (3)*, and **PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADING OR ALTERNATIVELY SUMMARY JUDGMENT** to establish a *prima facie* case of *CHILD FIND*, thus placing the burden on defendants to show their action was adequate to meet K.W.'s educational needs. *5 DCMR 3030.3*. Defendants filed no pleadings.

(8)    On July 15, 2005 the parties executed an *IDEA* Settlement Agreement, where defendants admitted violation of the *IDEA* by agreeing to *CHILD FIND*, *EVALUATION* and *PLACEMENT* considerations for K.W. a child identified as learning disabled per defendants' April 2005 psychoeducatinal evaluation.

(9)   In August of 2005 defendants excluded and denied learning disabled child K.W. from returning to their public District of Columbia charter school based on the parent's failure to provide residency verification pursuant to *D.C.M.R. Title 5, chapter 9, § 916.*

10)   On or about the first day of school in August 2005 plaintiff provided defendants with proof of residency verification in compliance with the District of Columbia Public School– Superintendent's June 10, 2005 guidelines.

11)   Defendants excluded and denied the learning disabled K.W. the right to return to their District of Columbia public charter school, and plaintiffs filed suit.

WHEREFORE, in view of the aforementioned statements of material facts as to which there is no genuine issue, as a matter of fact plaintiffs' motion for summary judgment must be granted.

Respectfully submitted,

*/s/ Roy Carleton Howell*
Roy Carleton Howell (415142)
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 - home