IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.

      Plaintiffs

v.

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, *et al*,.

      Defendants.

Civil Action No. **1:05CV01773**
JUDGE:  James Robertson

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs file this memorandum on points and authorities in support of their motion for summary judgment pursuant to LCvR 56.1, and LCvR7.1 (a).

**OUTLINE**

**I.**  TABLE OF CASES AND AUTHORITIES..................................p. 3

**II.**  ONCE PLAINTIFFS PETITION FOR AN ADMINISTRATIVE HEARING ASSERTING DEFENDANTS' VIOLATION OF *CHILD FIND, 34 C.F.R. § 300.125 et seq., INTIIAL EVALUATIONS, 34 C.F.R. § 300.320 et seq.,* AND *EVALUATION PROCEDURES, 34 C.F.R. § 300.532 et seq., 34 C.F.R. § 300.533 et seq., 34 C.F.R. § 300.534,* AND *34 C.F.R. § 300.535 et seq.,* THEN PURSUANT TO *5 DCMR 3030.3* THE DEFENDANTS BEAR THE BURDEN OF PROOF BASED SOLEY UPON THEIR EVIDENCE AND TESTIMONY PRESENTED AT THE HEARING THAT THEIR ACTION WAS ADEQUATE TO MEET THE EDUCATIONAL NEEDS OF THE STUDENT.  INSOFAR AS DEFENDANTS SIGNED A SETTLEMENT ADMITTING VIOLATION OF *IDEA* BY AGREEING TO *CHILD FIND, EVALUATIONS,* AND *PLACEMENT CONSIDERATIONS,* PLAINTIFFS ARE A "PREVAILING PARTY" FOR *IDEA* BENEFITS PURSUANT TO *5 DCMR 3030.3*..................................p. 4

1

III. THE *INITIAL EVALUATION, 34 C.F.R. § 300.531 VIA* A PSYCHOEDUCATIONAL EVALUATION DETERMINED THE CHILD LEARNING DISABLED PURSUANT TO *34 C.F.R. § 300.532 (b) (1)*…………..p. 5

IV. DEFENDANTS' UNILATERAL REMOVAL OF LEARNING DISABLED KW FROM THEIR SCHOOL VIOLATED DISTRICT OF COLUMBIA LAW, THE *IDEA,* AND *BOARD OF EDUCATION OF THE HENDRICK HUDSON CENTRAL SCHOOL DISTRICT V. ROWLEY, 458 U.S. 176, 181-182 (1982)*……p. 6

(A) THE DISTRICT OF COLUMBIA LAW……………………………………...p. 6

(B) THE *IDEA*…………………………………………………………………..p. 7

(C) *BOARD OF EDUCATION OF HENDRICK HUDSON CENTRAL SCHOOL DISTRICT V. ROWLEY, 458 U.S. 176, 181-182 (1982)*………………………..p. 9

V. DEFENDANTS' UNILATERAL EXCLUSION OF KW FROM THEIR SCHOOL WAS TANTAMOUNT TO AN UNAUTHORIZED CHANGE IN PLACEMENT IN VIOLATION OF THE *IDEA*…………………………………..p. 11

VI. CONCLUSION……………………………………………………...………p. 13

I.  TABLE OF CASES AND AUTHORITIES

*Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 181-182 (1982).*

*Burlington School District Committee v. Massachusetts Dept. of Education, 471 U.S. 359 (1985).*

*Honig v. Doe, 484 U.S. 305 (1988).*

*Individuals With Disabilities Education Act, (IDEA), 20 U.S.C. §§ 1400.*

*34 C.F.R. § 300.125*

*34 C.F.R. § 300.320*

*34 C.F.R. § 300.532*

*34 C.F.R. § 300.533*

*34 C.F.R. § 300.534*

*34 C.F.R. §300.535*

*34 C.F.R. § 300.400 – 300.403*

*34 C.F.R. § 300.344*

*34 C.F.R. § 300.345*

*34 C.F.R. § 300.346*

*34 C.F.R. § 300.347*

*34 C.F.R. § 300.504*

*34 C.F.R. § 300.505*

*34 C.F.R. § 104.36*

*34 C.F.R. § 300.541*

*34 C.F.R. § 300.542*

*34 C.F.R. § 300.543*

*34 C.F.R. § 300.552*

34 C.F.R. § 300.24

*5 DCMR 3030.3*

*5 DCMR 916

II. **ONCE PLAINTIFFS PETITION FOR AN ADMINISTRATIVE HEARING ASSERTING DEFENDANTS' VIOLATION OF *CHILD FIND*, 34 C.F.R. § 300.125 et seq., *INTIIAL EVALUATIONS*, 34 C.F.R. § 300.320 et seq., AND *EVALUATION PROCEDURES*, 34 C.F.R. § 300.532 et seq., 34 C.F.R. § 300.533 et seq., 34 C.F.R. § 300.534, AND 34 C.F.R. § 300.535 et seq., THEN PURSUANT TO *5 DCMR 3030.3* THE DEFENDANTS BEAR THE BURDEN OF PROOF BASED SOLEY UPON THEIR EVIDENCE AND TESTIMONY PRESENTED AT THE HEARING THAT THEIR ACTION WAS ADEQUATE TO MEET THE EDUCATIONAL NEEDS OF THE STUDENT. INSOFAR AS DEFENDANTS SIGNED A SETTLEMENT ADMITTING VIOLATION OF *IDEA* BY AGREEING TO *CHILD FIND, EVALUATIONS*, AND *PLACEMENT CONSIDERATIONS*, PLAINTIFFS ARE A "PREVAILING PARTY" FOR *IDEA* BENEFITS PURSUANT TO *5 DCMR 3030.3*.**

Pursuant to the hearing request filed on June 6, 2005, plaintiffs alleged defendants' violation of *CHILD FIND, 34 C.F.R. § 300.125 et seq., INITIAL EVALUATIONS, 34 C.F.R. § 300.320 et seq., EVALUATION PROCEDURES, 34 C.F.R. § 300.532 et seq., DETERMINATION OF NEEDED EVALUATION DATA, 34 C.F.R. § 300.533 et seq., DETERMINATION OF ELIGIBILITY, 34 C.F.R. § 300.534 et seq.,* and *PROCEDURE FOR DETERMINING ELIGIBILITY AND PLACEMENT, 34 C.F.R. § 300.535 et seq.*, and defendants' failure to meet plaintiff and provide any performed evaluation, resulting in the violation of *34 C.F.R. § 300.534 (a) (1)*. See, Exhibit # 1.

As documentary evidence to substantiate defendants' violation of the aforementioned laws, plaintiffs filed academic and school records of the minor pursuant to *34 C.F.R. § 300.509 (a) (3)*. See, Exhibit # 2. To further substantiate defendants'

4

violation of the *IDEA*, plaintiffs filed a **PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY JUDGMENT** on July 8, 2005. *See,* Exhibit #3.

Next, as a matter of law once plaintiffs assert violations of the *IDEA*, in turn pursuant to *5 DCMR 3030.3* the defendants bear the burden of proof based solely upon their evidence and testimony presented at the administrative proceeding that their action is adequate to meet the educational needs of the student. At the administrative proceeding defendants presented no evidence. Next, defendants signed a settlement admitting violation of the *IDEA* by agreeing to *CHILD FIND, EVALUATIONS AND PLACEMENT CONSIDERATIONS*, thus making plaintiffs a "prevailing party" for *IDEA* benefits pursuant to *5 DCMR 3030.3*.

**III.    THE *INITIAL EVALUATION, 34 C.F.R. § 300.531 VIA* A PSYCHOEDUCATIONAL EVALUATION DETERMINED THE CHILD LEARNING DISABLED PURSUANT TO *34 C.F.R. § 300.532 (b) (1).***

The psychoeducational evaluation conducted pursuant to *34 C.F.R. § 300.531* determined the child KW was learning disabled pursuant to *34 C.F.R. 300.532 (b) (1)*, which provides:

> Each public agency shall ensure, at a minimum, that the following requirements are met:
>
> (b) A variety of assessment tools and strategies are used to gather relevant functional and developmental information about the child, including information provided by the parent, and information related to enabling the child to be involved in and progress in the general curriculum . . . that may assist in determining –
>
> (1) Whether the child is a child with a disability …

Pursuant to the plain meaning of *34 C.F.R. § 300.532 (b) (1)* ***expressio unius est exclusio alterius***, the psychoeducational evaluation of the minor KW was an assessment tool to gather information to determine disability. The psychoeducational evaluation found KW to be "a child with a disability" within the meaning of *34 C.F.R. § 300.532 (b) (1)*. Pursuant to *34 C.F.R. § 300.532 (b) (1)* the psychoeducational evaluation determined that KW was learning disabled and then recommended "specialized education resources" for the child. *See,* Exhibit # 4. The psychoeducational evaluation stated, ***inter-alia:***

> **RECOMMENDATIONS**
>
> 1. The *IEP* should focus on consideration for Special Ed classification as *LD*, based on present evaluation results.
>
> 2. An intensive reading program with a focus on helping her develop skills in processing written language should be instituted. Individualized or small group work in reading comprehension skills along with other specialized education resources should be put into place for KW.
> *See,* Exhibit # 4.

The aforementioned pyschoeducational evaluation determined KW "is a child with a disability" pursuant to the plain meaning of *34 C.F.R. § 300.532 (b) (1)*.

**VI.  DEFENDANTS' UNILATERAL REMOVAL OF LEARNING DISABLED KW FROM THEIR SCHOOL VIOLATED DISTRICT OF COLUMBIA LAW, THE *IDEA,* AND *BOARD OF EDUCATION OF THE HENDRICK HUDSON CENTRAL SCHOOL DISTRICT V. ROWLEY, 458 U.S. 176, 181-182 (1982).***

**(A) THE DISTRICT OF COLUMBIA LAW**

Pursuant to defendants' own admission plaintiffs completed the re-enrollment form in February 2005, *see* Exhibit # 5 and consummated an *IDEA* settlement agreement in July 2005, therefore defendants were well aware of plaintiffs' return for the 2005 – 2006 year. *See,* Exhibit # 6.

6

Next, plaintiff complied with *D.C.M.R. Title 5, chapter 9, § 916* in August 2005 when she brought residency verification information to the defendant in compliance with DCPS Superintendent's June 10, 2005 guidelines, which provide, ***inter-alia:***

> Failure to complete the requirements for residency or presentation
> of immunization records will result in the student's exclusion
> from attendance until the requirements are met. *See*, Exhibit # 7.

The controlling language from DCPS in regard to exclusion for residency and immunization verification is "until the requirements are met." On or about the first day of school, pursuant to defendants' own admission, plaintiff "brought her residency verification information to ATA." *See*, Defendants Memorandum in Support of Motion to Dismiss at p. 4. Therefore, insofar as plaintiffs have complied with *D.C.M.R. Title 5, chapter 9, § 916* and the DCPS Superintendent's June 10, 2005 guidelines, in turn the defendants' removal/exclusion of KW was in violation of District of Columbia law.

**(B) THE *IDEA***

The *IDEA*, 20 U.S.C. §§ 1400 *et seq.*, guarantees that each student with a disability is ensured a free, appropriate public education, including special education and related services, at no cost to parents to meet the unique needs of that student.

The *IDEA*' principal means of ensuring that children with disabilities receive a free appropriate education is through comprehensive and individualized evaluations and the development of Individualized Education Program (*IEP)*, in which the child's parents and current teachers, along with other professionals, set forth the required components of an educational program designed to meet the child's unique needs. *34 C.F.R. § 300.344* and *34 C.F.R. § 300.345*. Via the combined efforts of the participants at the *IEP* meeting, a written plan must be consummated that includes: (1) a statement of the child's present

7

levels of educational performance; (2) a statement of annual goals, including short-term instructional objectives; (3) a statement of the specific special education services[1] to be provided to the child and the extent to which the child will be able to participate in regular education programs; (4) the projected dates for initiation of services and the anticipated duration of services; (5) and appropriate objective criteria and evaluation procedures for determining whether the short-term instructional objectives are being achieved. *34 C.F.R. § 300.346.*

After performing a comprehensive evaluation of the student's current functioning and needs and developing an *IEP* designed to meet the child's individual needs, the school must propose an appropriate placement for the child, *i.e.* one that can meet the child's individual needs as determined through evaluation and set forth in the *IEP*. The school is further required to establish and maintain a continuum of alternative placements, including regular classes, special classes, special schools, home instruction, and instruction in hospitals and institutions. *34 C.F.R. §§ 300.400 – 300.403.*

Whenever the school proposes to change the educational placement of a student in special education, the school is required to provide detailed, written notice to the parents, including a full explanation of all procedural safeguards available to them, an explanation of why the school proposes to take the action, a description of any other options considered and the reasons for their rejection, a description of all bases for the school's proposal, and a description of any other factors relevant to the school's decision. *34 C.F.R. § 300.504, 34 C.F.R. § 300.505,* and *34 C.F.R. § 104.36.*

By illegally excluding the minor KW and failing to fully comply with the *IDEA'*

---

[1] Related services under the *IDEA* include such services as psychological counseling, speech and language therapy, occupational therapy and physical therapy. *34 C.F.R. § 300.24.*

procedures to provide *FAPE* pursuant to a settlement agreement, defendants have violated *Board of Education of the Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 181-182 (1982)*.

### (C) BOARD OF EDUCATION OF HENDRICK HUDSON CENTRAL SCHOOL DISTRICT V. ROWLEY, 458 U.S. 176, 181-182 (1982)

Pursuant to ***Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, 181-182 (1982)***, the defendants must insure the following:

> First, has the State complied with the procedures set forth in the *[IDEA]*? And second, is the individual educational program developed through the *[IDEA's]* procedures reasonably calculated to enable the child to receive educational benefit. ***Rowley, supra at pp. 206-207.***

First, defendants proposed plan to hold a *MDT* meeting to execute an *IEP* on an excluded non-attending student violates the procedures set forth in the *IDEA* and the first prong of ***Rowley, supra at pp. 206-207.*** Defendants' proposed plan to convene an *MDT* meeting for an excluded non-attending student is legally prohibited, and factually illogical. In order to fully evaluate and assess a child pursuant to the procedures set forth in the *IDEA*, the child must attend the school.

Next, the defendant's proposed plan to convene a *MDT* meeting to execute an *IEP* on an excluded non-attending student violates the child's right to an *IEP* developed through the *IDEA's* procedures reasonably calculated to enable the child to receive educational benefit. Hence, defendants violate the second prong of ***Rowley, supra at pp. 206-207.***

The appropriate and legal venue for compliance with the *IDEA* is defendants' school. Defendants can not deny the child KW the right to return to school, because their

9

compliance with *IDEA* must be full and complete. Nor, can defendants create "half measures" where the child is not allowed to return to school, but they seek to perform meetings, and tests on an excluded non-attending student. Defendants' compliance with the *IDEA* must be complete and in total compliance with the law. Indeed, when a student has been identified as learning disabled for evaluations, and special services, in turn defendants must follow procedures set forth in the *IDEA*. *34 C.F.R. § 300.532 et seq.* Also, defendants must consider additional specific criteria for determination of eligibility and placement. *34 C.F.R. § 300.534 et seq., 34 C.F.R. § 300.535 et seq.* Moreover, defendants must follow specific criteria for determining the existence of a specific learning disability. *34 C.F.R. § 300.541 et seq.* A current *MDT* team member of defendants' school (other than the child's regular teacher) must observe the child KW in her regular classroom setting at defendants' school. *34 C.F.R § 300.542 (a).* Furthermore, the *IEP* must be executed in compliance with federal laws. *See, 34 C.F.R. § 300.344 et seq., 34 C.F.R. § 300.345 et seq., 34 C.F.R. § 300.346 et seq., 34 C.F.R. § 300.347 et seq.,* and *34 C.F.R. § 300.543 et seq.* Finally, defendants must consider placement for the child via complete compliance with the *IDEA* protocols. *34 C.F.R. § 300.552 et seq.* In view of the foregoing, defendants have violated **Rowley, supra at pp. 206-207.**

In order to execute an appropriate *IEP* to provide *FAPE* pursuant to the *IDEA*, KW's current teacher must attend and participate in the *MDT* meeting for *IEP* execution. *See,* **Board of Education of Hendrick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 182 (1982).**

> The *IEP*, which is prepared at a meeting between a qualified representative of the local education agency, the child's teacher,

>the child's parents or guardian, and, where appropriate, the child . . . *Board of Education of Henderick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 182 (1982).*

The *IDEA* is clear that the child's current teacher must attend the *MDT* meeting for *IEP* execution to provide *FAPE*. See, 34 C.F.R. § 300.346 (d). Where KW is excluded from defendants' school, in turn it is impossible to convene an *MDT* with her current regular classroom teacher. Furthermore, *IDEA* requires an observation of KW in her current classroom setting by a team member other that her regular classroom teacher in order to observe her academic performance. See, 34 C.F.R. § 300.542 (a). Not only is it legally impermissible for defendants to convene an *MDT* for an *IEP* on an excluded student, but it is also unreasonable and makes no common sense. It is legally necessary and proper to have KW in attendance at defendants' school in order to conduct evaluations, observations, and placement determinations to provide *FAPE*. See, *Board of Education of Henderick Hudson Central School District v. Rowley, 458 U.S. 176, at p. 182 (1982).*

### V.  DEFENDANTS' UNILATERAL EXCLUSION OF KW FROM THEIR SCHOOL WAS TANTAMOUNT TO AN UNAUTHORIZED CHANGE IN PLACEMENT IN VIOLATION OF THE *IDEA*.

The record is clear that plaintiff never approved of KW's unilateral exclusion from defendants' school, and filed a motion for TRO to enjoin the illegal exclusion. Pursuant to the *IDEA*, parents of handicapped children must be notified of any proposed change in placement of the child. *Rowley, supra at p. 182.* Defendants were required to provide detailed, written notice to plaintiff, including a full explanation of all procedural safeguards available to them, with explanation of why the defendants propose to take

placement action, a description of any other options considered and the reasons for their rejection, a description of all bases for defendants' proposals, and a description of any other factors relevant to defendants' decision. *See, 34 C.F.R. § 300.504, 34 C.F.R. § 300.505, and 34 C.F.R. § 104.36.*

Congress and the federal courts have both concluded that the unilateral exclusion of disabled children by schools, not courts, over a parent's objection pending completion of the review process is in violation of law. *See,* **Burlington School Committee v. Massachusetts Dept. of Education, 471 U.S. 359, at p. 373 (1985).** As to the intent of Congress and federal precedent concerning the evils of unilateral exclusion of disabled children by schools, and not courts, **Honig v. Doe, 484 U.S. 305, at p. 328 (1988)** held:

> As the EHA's legislative history makes clear, one of the evils Congress sought to remedy was unilateral exclusion of disabled children by schools, not courts, and one of the purposes of 1415 (e) (3), therefore, was to prevent school officials from removing a child from the regular public school classroom over the parents' objection pending completion of the review proceedings. **Burlington School Committee v. Massachusetts Dept. of Education, 471 U.S. at p. 373.**

Defendants have unilaterally excluded KW from school over her parent's objection pending completion of the review process in violation of law. **Burlington School Committee v. Massachusetts Dept. of Education 471 U.S. 359, at p. 373 (1985).** Hence, defendants' unilateral exclusion of KW from their school was tantamount to an unauthorized change in placement in violation of the *IDEA*. **Rowley, *supra* at p. 182.** *Also see, 34 C.F.R. § 300.504, 34 C.F.R. § 300.505, and 34 C.F.R. § 104.36.*

## VI. CONCLUSION

**WHEREFORE,** as a matter of law and fact the plaintiffs' motion for summary judgment must be granted.

Respectfully submitted,

*/s/ Roy Carleton Howell*
Roy Carleton Howell, 415142
8003 Parkside Lane, NW
Washington, D.C. 20012
Phone (202) 545-0750 – home
Phone (202) 545-0755 – office

Attorney for plaintiffs