IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.

            Plaintiffs

        v.                                    Civil Action No. **1:05CV01773**
                                              JUDGE: James Robertson

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, *et al,.*

            Defendants.

# PLAINTIFFS'
# EXHIBIT # 3

BEFORE THE SPECIAL EDUCATION STUDENT HEARING OFFICE
DISTRICT OF COLUMBIA PUBLIC SCHOOLS

In The Matter Of **KENYAHATTA WADE**     Hearing Date:  **JULY 20, 2005**
Date of Birth: **09/09/97**                 Hearing Time:  **3:00 PM**

## PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY SUMMARY JUDGMENT

Comes Ms. Tracey Cain the mother of Kenyahatta Wade through Attorney

Roy Carleton Howell, LL.M., and MOVES FOR JUDGMENT ON THE PLEADINGS or

alternatively SUMMARY JUDGMENT.

**(I)    THE GOVERNMENT VIOLATED *34 C.F.R. § 300.125 et seq. (CHILD FIND).***

1.    The District of Columbia Public Schools (DCPS) failed a regulatory and legal

duty pursuant to *34 C.F.R. § 300.125 et seq.* regarding the "CHILD FIND" obligations

of federal regulations of the IDEA.

2.    An April 4, 2004 Stanford Achievement Test for grade 1 reveled that this child

consistently scored **substantially** below average in almost all academic categories.[1]

Moreover, the child's Performance Standard on the many reading and mathematics

subtests were **all below basic.**[2]

3.    A 2004-2005 Interim Progress Report by Ms. Nelson documented that this child

is **below grade level** in Math, Reading, Spelling, Science, Writing and Paragon.[3]   The

teacher Ms. Nelson made efforts to create a modified academic work requirement for this

---

[1] See, EXHIBIT # 1, April 4, 2004 STANFORD ACHIEVEMENT TEST.
[2] Id. at p. 2.
[3] See, EXHIBIT # 2, 2004-2005 INTERIM PROGRESS REPORT, The Arts & Technology Academy.

child due to her difficulties, *to wit:*

> COMMENTS:   Kenyatta loves to take part in class discussion.
> She tries really hard to complete her assignments. However,
> second grade work is difficult for her at this time. I have modified
> her class work. Please review her spelling words, reading
> assignments and practice sentences each night.[4]

4.    The teacher Ms. Nelson also found it necessary and proper to modify the child's

education program by teaching her on a lower level than what the class required due to

difficulties experienced by the minor. Ms. Nelson articulated the following:

> Kenyatta works very hard at completing her class work.
> However, it is sometimes too difficult for her to understand.
> Therefore, I have to make modifications for her on a lower
> grade level.[5]

5.    First grade teacher Ms. Wilkins in 2003-2004 recommended that this child

successfully complete MANDATORY summer school before making a final retention or

promotion decision.  In regard to this child Ms. Wade wrote the following:

> She needs remediation in all subject areas. Kenyatta continues
> to have difficulty meeting and mastering grade level standards.
> I believe that she will benefit from additional time in grade 1.  I
> Recommend completion of MANDATORY summer school
> before making the final retention or promotion decision.  If she
> fails to attend summer school she will be retained in grade 1.
> Have a safe summer![6]

6.    First grade teacher Ms. Wilkins made observations of this child which clearly

indicate "attention deficit." Ms. Wilkins observed that the child needs to be more

focused in class, class work, and homework. Indeed, the exact language of Ms. Wilkins

is the following:

---

[4] Id., see EXHIBIT # 2.
[5] See, EXHIBIT # 3, 2004 – 2005 Report Card, Teacher Ms. Nelson, Comments 1st Quarter.
[6] See, EXHIBIT # 4, 2003-2004 REPORT CARD, Teacher Ms. Wilkins, at Comments 4th Quarter.

> I believe, if Kenyatta would be more focus *sic* in class and
> complete homework assignments to reinforce what we are
> doing in class *sic*. We will see an improvement in her
> grades.[7]

7.    Kindergarten teacher Ms. Baylor also documented evidence of "attention deficit"

in this child, and wrote the following observation, *to wit:*

> Kenyahatta does not stay focused when it comes to instruction.
> She does not complete any of her daily work . . .[8]

8.    This child has exhibited problems with organization, focus and execution of

assigned tasks.  The child has even failed to comply with uniform requirements of her

current school and was facing termination from school.[9]  The failure of this child to wear

the school uniform, suggests a problem with executive functioning.  Indeed, the mother

has provided and provides a clean uniform for the child to wear to school.

9.    Approximately during the month of March 2005 school officials from the ARTS

AND TECHNOLOGY ACADEMY meet with the parent of the child and agreed to

perform evaluations and tests of the minor.  To date the school has not performed any

tests and evaluations of the minor, and has violated *34 C.F.R. § 300.531, 34 C.F.R. §*

*300.532, 34 C.F.R § 300.533,* and *34 C.F.R. § 300.535.*

10.    The school agreed with the parent to perform evaluations and tests of the minor

and meet and discuss the results with the parent and provide the parent a copy of all

evaluations and tests determinations.  To date the school has not performed any

---

[7] Id., see EXHIBIT 4, at Comments 3rd Quarter.
[8] Id. see EXHIBIT 5, 2002-2003 REPORT CARD, Teacher Ms. Baylor, at Comments 1st Quarter.
[9] See, EXHIBIT # 6, which is legal notice to the parents of the child that said minor will be terminated from attending the school if the uniform requirements are not met.

evaluations and tests, and failed to meet with the parent to discuss the results, and failed

to provide the parent a copy of all evaluations and tests results. These failures have

violated *34 C.F.R. § 300.534.*

11.    The parent asked the school for help for the child in 1st and 2nd grades inasmuch

as the child was doing poorly in school. Moreover, the parent met with school officials

in late 2005 and again asked for evaluations, tests and help for her child to determine

eligibility and placement (*IDEA*). The school agreed to determine eligibility and

placement for the child but failed to act in violation of *34 C.F.R. § 300.535.*

12.    Insofar as the school was made aware of the academic problems, possible

disabilities, and special needs of this child by the parent and via the records and the

school agreed to evaluate and test the child but failed to do so, in turn this institutional

failure violated *34 C.F.R. § 300.125 (CHILD FIND).*

13.    Clearly the entire "paper trail" of this child proves that the government has

denied this child FAPE via IDEA. Moreover, the testimony of the mother and student

will support the cause of action *via 34 C.F.R. § 300.125 (CHILD FIND).*

14.    This child's rights and special education needs have been violated

## II.    THE REMEDY FOR THIS STUDENT:

15.    The school has agreed to evaluate and test the child and has failed to perform

the evaluations and tests pursuant to the law and agreement. Therefore, the government

must do the following:

4

(a.)   DCPS must immediately conduct a Psycho-Educational Evaluation on this child.

(b.)   DCPS must immediately execute a Social History of this child.

(c.)   DCPS must immediately execute a Hearing Test upon this child.

(d.)   DCPS must immediately execute a Vision Screening of this child.

(e.)   DCPS must execute a Speech & Language Evaluation of this child.

(f.)   DCPS must execute a Classroom Observation of this child.

(g.)   DCPS must convene an MDT and subsequently execute an IEP for this child pursuant to the IDEA, and provide this child with FAPE.

(h.)   DCPS must consider the issue of ESY at the MDT meeting.

(i.)   DCPS must consider the issue of Compensatory Education at the MDT meeting.

(j.)   DCPS must consider the appropriate placement for this child at the MDT meeting.

(k.)   DCPS must provide transportation if placement requires such.

Respectfully submitted,

Roy Carleton Howell, LL.M.
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 – home
(202) 545-0525 – fax

5

**CERTIFICATE OF FILING:**

I, Roy Carleton Howell, do affirm on this 8th day of July 2005, that a copy of this

MOTION was filed with the DCPS Hearing Office.

_____
Roy Carleton Howell


**CERTIFICATE OF SERVICE:**

I, Roy Carleton Howell, do affirm on this 8th day of July 2005, that a copy of this

MOTION was served first class mail upon DCPS Office Of General Counsel,

ATTORNEY R. CHAPMAN., esq., 825 North Capitol Street, N.E., Washington, D.C.

20002, and next served upon ATTORNEY C. BELL, esq. counsel for The Arts &

Technology Academy, 3105 South Street, N.W., Washington, D.C. 20007.

_____
Roy Carleton Howell