IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY CAIN )<br>Parent and Next Friend of K.W., )<br>And Parent and Next Friend of L.C. )<br>   )<br>   Plaintiffs, )<br>   )<br>v.   )<br>   )<br>ARTS & TECHNOLOGY ACADEMY )<br>PUBLIC CHARTER SCHOOL, )<br>   )<br>   Defendant. )<br>   )<br>_____ ) | Civil Action No.: 1:05 CV 01773 |

**DEFENDANT ATA'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Federal Rules of Civil Procedure 56(b) and LCvR 56.1, Defendant ATA hereby states the following material facts to which there is no genuine issue:

1. The Defendant ATA is a public charter school that received its charter in the fall of 1999. It has approximately 615 students in pre-kindergarten through sixth grade. ATA operates as a local educational agency. The District of Columbia Public Schools is the state educational agency. *See* Aff. of E. Greene at ¶ 3 attached as Ex. A.

2. The Plaintiff is a parent and next friend of K.W., a third grade student who attended ATA from kindergarten to second grade. *See* Complaint at ¶¶ 8-10.

3. In March 2005, K.W. was identified as a student who may be eligible for special education and related services. *See* Aff. of T. King at ¶ 3 at Ex. B.

4. The enrollment term at ATA is for one year only. All students must re-enroll each year. *See* Aff. of E. Greene at ¶ 4 at Ex. A.

5. The re-enrollment process for current students consists of two steps. First, a parent must complete the re-enrollment commitment form between February 1 and March 31. This form is date-stamped to identify ATA's receipt of it. *See* Aff. of E. Greene at ¶ 4 attached as Ex. A.

6. Ms. Cain submitted this form on February 14, 2005 for K.W. and L.C. The enrollment form clearly states that re-enrollment is not complete. The second step of the enrollment process requires residency verification, which can only begin on July 1. *See* Aff. of T. Preston at ¶ 5 attached as Ex. C; Ex. D.

7. If a parent fails to complete the second step, a child cannot be enrolled in the school. The two-step enrollment policy is also clearly stated in the Parent Handbook, which is distributed yearly. *See* Aff. of E. Greene at ¶ 7 attached as Ex. A; Ex. E.

8. For the 2005-2006 school year, parents were instructed to bring in the proof of residency to ATA between July 1 and July 15. The information cannot be provided prior to July 1. *See* Aff. of E. Greene at ¶ 7 attached as Ex. A.

9. ATA makes several efforts to remind parents of the residency verification step. A letter reminding parents of the needed residency verification was sent via first class mail on June 13, 2005. A second reminder letter was also sent by first class mail on August 4, 2005. Neither of the letters sent to Ms. Cain were returned to the school. *See* Aff. of T. Preston at ¶ 7 attached as Ex. C; Ex. F and G.

10. ATA attempted to call the Plaintiff on both July 19 and August 12, 2005, however, the telephone number listed by the Plaintiff on the re-enrollment form was disconnected. *See* Aff. of T. Preston at ¶ 8 attached as Ex. C; Ex. H.

2

11. ATA accepted the residency verification documentation for the students with completed re-enrollment forms through August 16, 2005. Those students who completed the two-step process were thereby re-enrolled. At that time, ATA started enrolling students on its wait lists. *See* Aff. of T. Preston at ¶ 9 attached as Ex. C.

12. The waiting lists consisted of new students and students who, like K.W., had re-enrolled, but did not provide the required residency verification in time. *See* Aff. of E. Greene at ¶10 attached as Ex. A; Aff. of T. Preston at ¶ 9 attached as Ex. C.

13. For this school year, there were approximately 230 total students on ATA's waiting lists for pre-K through 6th grade. There is a waiting list for each grade level. *See* Aff. of T. Preston at ¶¶ 9 and 14 attached as Ex. C.

14. When ATA began contacting students on the third grade waiting list, it had approximately twenty to twenty-five students. *See* Aff. of T. Preston at ¶ 9 attached as Ex. C.

15. The Plaintiff's children have attended ATA for the past four years, during which the same enrollment procedure has been in place. For each of the four years, Ms. Cain provided the necessary residency verification information. *See* Aff. of E. Greene at ¶ 10 attached as Ex. A.

16. On August 25, 2005, Ms. Cain brought her residency verification information to ATA. *See* Aff. of T. Preston at ¶ 12 attached as Ex. C.

17. In mid-October, several students withdrew from ATA including some third grade students. On October 17, 2005, ATA offered Plaintiff in writing a slot in the third grade for K.W. *See* Aff. of E. Greene at ¶ 14 attached as Ex. A.

18. OPn October 18, 2005, ATA, through counsel, sent a second letter to parent's counsel regarding the offer for K.W. *See* Aff. of E. Greene at ¶ 15 attached as Ex. A.

19. Plaintiff did not respond to ATA's offer of the third grade slot. *See* Aff. of E. Greene at ¶ 16 attached as Ex. A.

20. A request for an initial evaluation of K.W. was submitted on March 17, 2005. *See* Aff. of T. King at ¶ 3 attached as Ex. B; Ex. J.

21. Five days later, Dr. Paul Frye, a clinical psychologist, performed the psycho-educational evaluation on March 22 and again on April 4, 2005. *See* Aff. of T. King at ¶ 4 attached as Ex. B; Ex. K.

22. Typically, it takes four to six weeks for ATA to receive a report from the evaluation. *See* Aff. of T. King at ¶ 5 attached as Ex. B

23. ATA simply needed to hold a multidisciplinary team (MDT) meeting to review the evaluation and determine whether K.W. was eligible for special education and related services. *See* Aff. of T. King at ¶ 6 attached as Ex. B.

24. Plaintiff, through counsel, filed a due process hearing request with the District of Columbia Public Schools Student Hearing Office on June 6, 2005 alleging that ATA had failed to identify and evaluate K.W. *See* Aff. of T. King at ¶ 6 attached as Ex. B.

25. The parties entered into a settlement agreement on July 15, 2005. *See* Aff. of T. King at ¶ 7 attached as Ex. B; Ex. L.

26. ATA's obligation under the settlement agreement was to hold the needed multidisciplinary team (MDT) meeting to review the evaluation during the first two weeks of school. *See* Aff. of T. King at ¶ 7 attached as Ex. B; Ex. L.

27. A letter of invitation was sent to Ms. Cain on August 19, 2005 proposing three dates for the MDT meeting. ATA's special education teacher confirmed the meeting for August 30, 2005 by telephone. *See* Aff. of T. King at ¶ 8 attached as Ex. B; Ex. M.

28. On August 30, 2005, ATA convened the necessary staff to review the evaluation and to perform the eligibility determination; however, Ms. Cain failed to attend the MDT meeting. *See* Aff. of T. King at ¶¶ 9-10 attached as Ex. B.

29. ATA then sent another letter of invitation to the Plaintiff proposing three new dates for the meeting. *See* Aff. of T. King at ¶ 10 attached as Ex. B.

Respectfully Submitted,

*Christine D. Bell*
Christine D. Bell (D.C. Bar No. 472629)
Brustein & Manasevit
3105 South Street, N.W.
Washington, D.C. 20007
Tele: 202-965-3652
Fax: 202-965-8913

Counsel for Arts & Technology
Academy Public Charter School