## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.

        Plaintiffs

      v.

                                Civil Action No. **1:05CV01773**
                                JUDGE:  James Robertson

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, *et al*,.

        Defendants.

### PLAINTIFFS' RESPONSE TO DEFENDANTS'
### MOTION FOR SUMMARY JUDGMENT

      Pursuant to the Scheduling Order plaintiffs respond, and oppose defendants'

motion for summary judgment.

## I.     SETTLEMENT NEGOTIATIONS ARE INADMISSABLE AND PLAINTIFFS OBJECT TO THEIR ADMISSION PURSUANT TO *FEDERAL RULE OF EVIDENCE 408*.

     The defendant's motion for summary judgment erroneously argues the following legal

proposition, *to wit:*

> Defendant ATA offered Plaintiff a slot in the third grade for K.W.
> nearly a month ago.  However, Plaintiff did not accept this offer.
> Given that Defendant has offered the requested relief sought,
> Plaintiff 's claims must be dismissed.  *See,* Defendant Arts &
> Technology Academy Public Charter School's Motion For Summary
> Judgment at p. 1, ¶ 1.

As a general rule settlement negotiations are inadmissible in federal court pursuant to

***Federal Rule of Evidence 408***, which provides in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

Evidence of settlement is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position. *See*, Notes to ***Federal Rule of Evidence 408 (Jan. 2. 1975, P.L. 93-595, § 1, Stat. 1933). Federal Rule of Evidence 408*** renders evidence of settlement discussions inadmissible. The reason for this Rule is of course well known: Parties are unlikely to speak freely in efforts to settle legal disputes if they face the prospect of their settlement discussions being published in subsequent court papers.

Plaintiffs' hereby object to the admission of any settlement negotiations whatsoever as a matter of law. Moreover, defendants have **not** offered plaintiffs the requested relief.

## II.  DEFENDANTS HAVE NOT OFFERED THE REQUESTED RELIEF SOUGHT BY PLAINTIFFS.

Defendants' motion for summary judgment erroneously asserts and misleads this Honorable Court with the following incorrect statement, *to wit*:

> Given that Defendant has offered the requested relief sought, Plaintiff's claims must be dismissed. *See*, Defendant Arts & Technology Academy Public Charter School's Motion For Summary Judgment at p. 1., ¶ 1.

Although settlement negotiations are inadmissible and plaintiffs do **not** waive their objection, assuming *arguendo* defendants' analysis nevertheless must fail. At no time have defendants offered the requested relief sought by plaintiffs. Indeed, the relief sought by plaintiffs is the following:

2

1) K.W. must be enrolled at defendants' Arts & Technology Academy Public Charter School. *See,* Complaint at pp. 8-9, ¶¶ 3-4, and *also see* Plaintiffs' Motion For Summary Judgment, ORDER at ¶ 3.

2) Defendants must pay attorney's fees. *See,* Complaint at p. 9, ¶¶ 7-8, and *also see* Plaintiffs' Motion For Summary Judgment, ORDER at ¶ 4. Moreover, as a matter of federal statute defendants must pay attorney's fees pursuant to the *Individuals With Disabilities Education Act (IDEA), 20 U.S.C. § 1415 (i) (3) (B)* which provides, *inter-alia:*

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

3) Defendants must pay attorney's fees. *See,* Complaint at p. 9, ¶¶ 7-8, and *also see* Plaintiffs' Motion For Summary Judgment, ORDER at ¶ 4. Moreover, as a matter of federal regulation defendants must pay attorney's fees pursuant to *34 C.F.R. § 300.513 (a)* which provides, *inter-alia:*

> In any action or proceeding brought under Sec. 615 of the Act, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party.

4.) Defendants will execute an Individual Education Program for K.W. and consider a compensatory education program. *See,* Complaint at p. 9, ¶¶ 6 & 8, and *also see* Plaintiffs' Motion For Summary Judgment, ORDER at ¶ 3. While compensatory education is not a remedy expressly identified in the *IDEA*, courts have awarded it in appropriate circumstances by exercising their authority under *20 U.S.C. § 1415 (i) (2) (B) (ii) & (iii)* to "grant such relief as the court determines appropriate." Generally speaking,

compensatory education may be an appropriate remedy when a student has been denied a

*Free Appropriate Public Education (FAPE)* in the past. *See, Burlington School*

*Committee v. Massachusetts Department of Education, 471 U.S. 359, at p. 359 (1985)*

where the Supreme Court recognized the authority of courts to grant retroactive

reimbursement of private school tuition.

    As aforementioned plaintiffs steadfastly assert that settlement negotiations are

inadmissible, but assuming *arguendo*, the defendants have **never** offered the requested

relief sought by plaintiffs.


**III.     DEFENDANTS HAVE BREACHED THE *IDEA* SETTLEMENT
AGREEMENT AND ALSO VIOLATED THE *IDEA, 20 U.S.C. § 1400, et seq.*, AND
THE FEDERAL REGULATIONS, *34 C.F.R. § Part 300 et seq.***

    In support of this argument plaintiffs cite their Motion & Memorandum In Support Of

Motion For Summary Judgment with Statement of Material Facts.

Respectfully submitted,


*/s/ Roy Carleton Howell*
Roy Carleton Howell (415142)
8003 Parkside Lane, N.W.
Washington, D.C. 20012
(202) 545-0755 – office
(202) 545-0750 - home

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.

        Plaintiffs


     v.

                                 Civil Action No. **1:05CV01773**
                                 JUDGE:  James Robertson

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, *et al,*.

        Defendants.

---

## PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE ISSUE

Although *IDEA* cases in the United States District Court for the District of

Columbia are typically resolved based on the administrative record via summary

judgment, plaintiffs nevertheless respond to the defendants' statement of material facts as

to which there is no genuine issue, filed 14th November 2005.


DEFENDANT
FACT NUMBER                     PLAINTIFFS' POSITION

1                Not disputed as to defendant is a public D.C. institution of education.

2                Not disputed.

3                Disputed.  As early as 2003 and 2004 plaintiff met with defendants,

and K.W. was identified as eligible for evaluations and assessments for special education

1

and related services. *See,* Plaintiffs' Motion For Summary Judgment, Exhibit # 1 (II.

Discussion of issues to be addressed at Hearing – Cause of Action C).

4.                    Disputed. Plaintiff reenrolled pursuant to *D.C.M.R. Title 5, chapter*

*9, § 916* in August 2005 when she brought residency verification information to

defendants in compliance with the DCPS Superintendent's 10th June 2005 guidelines.

*See,* Plaintiffs' Motion For Temporary Restraining Order, Exhibit "E" filed in open court

and subsequently via ECF. *Also see,* the Plaintiffs' Motion For Summary Judgment,

Exhibit # 7.

5.                    Not disputed, and plaintiff complied with D.C. law relative to

defendants' administrative process.

6.                    Not disputed that plaintiff submitted notice of K.W.' reenrollment in

a timely fashion and in compliance with school policy. Next, plaintiff complied with

residency verification pursuant to D.C. law. *See,* Plaintiffs' Motion For Temporary

Restraining Order, Exhibit "E". *Also see,* the Plaintiffs' Motion For Summary Judgment,

Exhibit # 7.

7.                    Disputed. The second step of defendants' enrollment process is

governed by *D.C.M.R. Title 5, chapter 9, § 916* in conjunction with the DCPS

Superintendent's 10th June 2005 guidelines. *See,* Plaintiffs' Motion For Temporary

Restraining Order, Exhibit "E". *Also see,* the Plaintiffs, Motion For Summary Judgment,

Exhibit # 7.

8.                    Not disputed.

9.                    Disputed. Plaintiff never received any letters concerning residency

verification from defendants. Insofar as plaintiff complied with D.C. law concerning

residency verification, this allegation of defendants' is not important.  K.W. should not have been removed from her school.  *See,* Plaintiffs' Motion For Temporary Restraining Order, Exhibit "E".  *Also see,* the Plaintiffs' Motion For Summary Judgment, Exhibit # 7.

10.                    Reply.  Plaintiff is unable to know if defendants telephoned said plaintiff.  Insofar as plaintiff complied with D.C. law concerning residency verification, this allegation of defendants is not important.  K.W. should not have been removed from her school.  *See,* Plaintiffs' Motion For Temporary Restraining Order, Exhibit "E".  *Also see,* the Plaintiffs' Motion For Summary Judgment, Exhibit # 7.

11.                    Reply.  Plaintiff is unable to know whether defendants accepted verification documents for other students.  Insofar as plaintiff complied with D.C. law concerning residency verification, this allegation of defendants is not important.  K.W. should not have been removed from her school.  *See,*  Plaintiffs' Motion for Temporary Order, Exhibit "E".  *Also see,* the Plaintiffs' Motion For Summary Judgment, Exhibit # 7.

12.                    Reply and disputed.  Plaintiff's child K.W. complied with D.C. law concerning residency verification and should have been allowed in her school.  *See,* Plaintiffs' Motion For Temporary Restraining Order, Exhibit "E".  *Also see,* the Plaintiffs' Motion For Summary Judgment, Exhibit # 7.

13.                    Reply.  Plaintiff is unable to know how many children are on defendants' waiting list.  Insofar as plaintiff complied with D.C. law concerning residency verification, this allegation of defendants is not important.  K.W. should not have been removed from her school.

14.                    Reply.  Plaintiff is unable to know how many children were in defendants' third grade class at a given time.  Insofar as plaintiff complied with D.C. law

concerning residency verification, this allegation of defendants is not important. K.W. should not have been removed from her school. *See*, Plaintiffs' Motion For Temporary Restraining Order, Exhibit "E". *Also see*, the Plaintiffs' Motion For Summary Judgment, Exhibit # 7.

15.                    Not disputed. Plaintiff has always complied with D.C. law concerning residency verification.

16.                    Response. Plaintiff provided defendants residency verification on the first day of school in August 2005. Insofar as plaintiff complied with D.C. law concerning residency verification, this allegation of defendants is not important. *See*, Plaintiffs' Motion For Temporary Restraining Order, Exhibit "E". *Also see*, the Plaintiffs' Motion For Summary Judgment, Exhibit # 7.

17.                    Objection and disputed. Pursuant to ***Federal Rule of Evidence 408*** settlement negotiations are inadmissible.

18.                    Objection and disputed. Pursuant to ***Federal Rule of Evidence 408*** settlement negotiations are inadmissible.

19.                    Objection and disputed. Pursuant to ***Federal Rule of Evidence 408*** settlement negotiations are inadmissible.

20.                    Disputed. As early as 2003 and 2004 plaintiff met with defendants, and KW was identified as eligible for evaluations and assessments for special education and related services. *See*, Plaintiffs' Motion For Summary Judgment, Exhibit # 1 (II. Discussion of issues to be addressed at Hearing – Cause of Action C).

21.                    Disputed. Approximately two years after defendants promised plaintiff the evaluations and assessments, Dr. Paul Frye began evaluations of K.W.,

which occurred during the discovery process of litigation before the DCPS Hearing Office. *See,* Plaintiffs' Motion For Summary Judgment, Exhibit # 1 (II. Discussion of issues to be addressed at Hearing – Cause of Action C).

22.          Reply. Plaintiff is unable to know if it takes defendants six weeks to receive an evaluation.

23.          Disputed. K.W. was determined eligible for special education and related services pursuant to the evaluation of Dr. Paul Frye. *See,* Plaintiffs' Motion For Summary Judgment, Exhibit # 4 (RECOMMENDATIONS) at p. 5.

24.          Reply. Plaintiff did file a due process hearing request with DCPS Student Hearing Office alleging that defendants failed to identify and evaluate K.W. However, plaintiff alleged other issues as well. *See,* Plaintiffs' Motion For Summary Judgment, Exhibit # 1 (I. Discussion of the nature of the problem, II. Discussion of issues to be addressed at the Hearing, III. Discussion of the relevant facts, and IV. Statement of the remedy).

25.          Not disputed that the parties entered into a settlement agreement pursuant to the *IDEA.*

26.          Disputed and reply. Defendants' obligation was to convene a multidisciplinary team *(MDT)* pursuant to the laws and regulations of *IDEA* and execute an individual education program *(IEP)* pursuant to the laws and regulations of *IDEA.* *See,* Plaintiffs' Motion For Summary Judgment, Exhibit # 6.

27.          Objection and disputed. Pursuant to *Federal Rule of Evidence 408* settlement negotiations are inadmissible.

28.          Objection and disputed. Pursuant to *Federal Rule of Evidence 408*

settlement negotiations are inadmissible.

29.                    Objection and disputed.  Pursuant to ***Federal Rule of Evidence 408***

settlement negotiations are inadmissible.

                              Respectfully,

                              */s/ Roy Carleton Howell*
                              Roy Carleton Howell
                              8003 Parkside Lane, NW
                              Washington, D.C. 20012
                              (202) 545-0755 – office
                              (202) 545-0750 - home