## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TRACY CAIN<br>Parent and Next Friend of K.W.,<br>And Parent and Next Friend of L.C.<br><br>Plaintiffs,<br><br>v.<br><br>ARTS & TECHNOLOGY ACADEMY<br>PUBLIC CHARTER SCHOOL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 1:05 CV 01773 |

## DEFENDANT ARTS & TECHNOLOGY ACADEMY
## PUBLIC CHARTER SCHOOL'S OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with the Rule 16(d) report filed by the Plaintiff in this matter,

Defendant Arts and Technology Academy Public Charter School (ATA) hereby opposes

Plaintiff's Motion for Summary Judgment. Plaintiff has failed to provide any evidentiary

support such as affidavits, deposition testimony, interrogatories or other permissible

forms of admissible evidence. Even if Plaintiff had rendered the necessary evidence, her

legal conclusions are simply unfounded.

### BACKGROUND

Plaintiff's daughter, K.W. attended ATA for the last three years. In March 2005,

K.W. was referred for an initial evaluation to determine whether she was child with a

disability who was eligible for special education. On June 6, 2005, Plaintiff, through

counsel, filed a due process hearing request with the District of Columbia Public Schools

Student Hearing Office. In an agreement dated July 15, 2005, the parties settled all claims asserted in the hearing request and all claims that could have been asserted as of that date. See Exhibit L to Defendant's Motion for Summary Judgment. Plaintiff subsequently filed the current action after she learned that her children were no longer enrolled at ATA.

## ARGUMENT

### A.      Plaintiff Fails to Provide the Necessary Evidentiary Support for the Motion for Summary Judgment.

Summary judgment is appropriate when there are no genuine issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). To meet this burden, a party must in accordance with Rule 56(c) of the Federal Rules of Civil Procedure. A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," F.R.C. P. 56(c); *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553 (1986). The Plaintiff has failed to provide any such support.

### B.      Plaintiff Was Not a Prevailing Party at the Administrative Hearing.

Even if Plaintiff had properly supported her Motion for Summary Judgment, the legal arguments are incorrect. First, Plaintiff was not a prevailing party at the administrative hearing level. The Parties did not have an administrative hearing. Instead, the parties entered into an agreement whereby ATA agreed to hold a multidisciplinary meeting during the first two weeks of school and to pay attorneys fees. At no time did a court or an impartial hearing officer determine Plaintiff was the prevailing party. *See* 20

6

U.S.C. §1415 (h)(3)(E). Plaintiff's submission of her "Motion for Judgment on the Pleading of Alternatively Summary Judgment" did not establish anything.[2]

### C.    The Initial Evaluation Does Not Determine K.W. Is a Child With a Learning Disability.

Plaintiff again reaches conclusions that are unsupportable by fact and the Individuals with Disabilities Education Act (IDEA). Plaintiff blatantly ignores the explicit requirement in both the law and the regulations that require a team determination of eligibility of a child. 20 U.S.C. §1414(b)(4). Instead, Plaintiff cites recommendations from the psychologist and concludes that K.W. is indeed learning disabled. While this could potentially be the final determination of the multidisciplinary team, the team has not yet reached a decision. IDEA requires that the team reach the conclusion through an explicit procedure. Id. Neither a school nor a parent can simply rely upon a doctor's recommendations. For K.W., this is the next step that must be completed, and is exactly what the parties agreed to do in the settlement agreement signed in July.

### D.    K.W. Did Not Undergo a Change in Placement.

Plaintiff misstates the law in conclusively alleging that K.W. has undergone a change in placement. IDEA does provide special protections for children who are not yet eligible for special education and related services who has engaged in behavior that has violated a code of student conduct. 20 U.S.C. §1415(k)(5)(A). However, this is a question about the voluntary enrollment in a charter school that is separate from the local educational agency. The placement at ATA is for one year only. Parents must meet the specific enrollment requirements. Thus, ATA has not violated the settlement agreement or any other provision of IDEA.

---

[2] In fact, such a motion is not acceptable under the District of Columbia Public Schools Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures.

## CONCLUSION

Plaintiff has failed to render any admissible documentation in support of her

Motion for Summary Judgment. Therefore, her motion fails. Even if the necessary

pleadings, depositions, answers to interrogatories, admissions or affidavits were

provided, Plaintiff's argument is in correct as a matter of law.


Respectfully Submitted,


*Christine D. Bell*

Christine D. Bell (D.C. Bar No. 472629)
Brustein & Manasevit
3105 South Street, N.W.
Washington, D.C. 20007
Tele: 202-965-3652
Fax: 202-965-8913


Counsel for Arts & Technology
Academy Public Charter School


## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December 2005, a copy of the Defendant's
Opposition to Plaintiff's Motion for Summary Judgment with accompanying exhibits was
served electronically to:


Roy Carleton Howell
8003 Parkside Lane, N.W.
Washington, D.C. 20012


*Christine D. Bell*

Christine D. Bell

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRACY CAIN                                    )
Parent and Next Friend of K.W.,               )
And Parent and Next Friend of L.C.            )
                                              )
                  Plaintiffs,                 )
                                              )
v.                                            )     Civil Action No.: 1:05 CV 01773
                                              )
ARTS & TECHNOLOGY ACADEMY                     )
PUBLIC CHARTER SCHOOL,                        )
                                              )
                  Defendant.                  )
                                              )
                                              )

## ORDER

UPON consideration of Plaintiff's Motion for Summary Judgment, Defendant's

Opposition to Plaintiff's Motion for Summary Judgment, exhibits and any reply thereto,

on this _____ day of _____, the Court hereby DENIES Plaintiff's motion.


                                    _____
                                    United States District Court Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY CAIN<br>Parent and Next Friend of K.W.,<br>And Parent and Next Friend of L.C.<br><br>Plaintiffs,<br><br>v.<br><br>ARTS & TECHNOLOGY ACADEMY<br>PUBLIC CHARTER SCHOOL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: 1:05 CV 01773<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT ATA'S RESPONSE TO PLAINTIFF'S
## STATEMENT OF MATERIAL OF FACT

Defendant Arts & Technology Academy Public Charter School (ATA) hereby

submits that a number Plaintiff's "material facts" are either genuine issues necessary to

be litigated or simply conclusions of law.  Defendant ATA disputes the following facts

submitted by Plaintiff:

Plaintiff (4):  Plaintiff's child K.W. attended the defendants' public District of

Columbia charter school in the 2004-2005 academic year, and the 2005 Summer school.

Moreover, in February of 2005 plaintiff provided defendants with NOTICE of the return

of K.W. for the 2005-2006 school year by completion of the school form.

**Defendant ATA's Response**:  Disputed.  Defendant contends that K.W. did not

attend summer school at ATA during the 2005.

Plaintiff (5):  On June 6, 2005 plaintiffs filed a request for a hearing before the

District of Columbia Student Hearing Office asserting that the defendants violated

CHILD FIND, 34 C.F. R. §300.125, and EVALUATION and PLACEMENT

requirements per 34 C.F.R. § 300.531, 34 C.F.R. §300.532, 34 C.F.R. §533 and 34

C.F.R. §300.535. Moreover, defendant failed to meet plaintiff-parent and provide any

performed evaluation resulting in the violation of 34 C.F.R. §300.534.

**Defendant ATA's Response**:  Plaintiff received a copy of the report from the

performed evaluation in response to Plaintiff's June 6, 2005 hearing request.  Pursuant to

the settlement agreement, the parties agreed to meet, however, Plaintiff failed to attend

the scheduled meetings.  See Exhibit L to Defendant's Motion for Summary Judgment.

Plaintiff (7): On July 8, 2005 plaintiffs filed PETITIONER'S DISCLOSURE OF

EVIDENCE AND WITNESSES pursuant to 34 C.F.R. 300.509(a)(3) , and

PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADING OR

ALTERNATIVELY SUMMARY JUDGMENT to establish a prima facie case of CHILD

FIND, thus placing the burden on defendants to show their action was adequate to meet

K.W.'s educational needs.  5 DCMR 3030.3.  Defendants filed no pleadings.

**Defendant ATA's Response**:  Disputed. Plaintiff's filing of the her disclosures in

the due administrative hearing did not place the burden on Defendant ATA because

pursuant to the District of Columbia Public Schools Special Education Student Hearing

Office Due Process Hearing Standard Operating Procedures, the defendant always has the

burden to demonstrate compliance.[1]

Plaintiff (8): On July 15, 2005 the parties executed an IDEA settlement

Agreement, where defendant admitted violation of the IDEA by agreeing to CHILD

---

[1] These procedures were promulgated prior the U.S. Supreme Court's decision in *Schaffer v. Weast*, __ U.S. ___ (2005).

2

FIND, EVALUATION and PLACEMENT considerations for K.W. a child identified as learning disabled per defendants' April 2005 psychoeducational evaluation.

**Defendant ATA's Response**: Disputed. ATA did not admit to a violation of IDEA in the July 15, 2005 settlement agreement. See Exhibit L to Defendant's Motion for Summary Judgment.

Plaintiff (9): In August of 2005 defendant excluded and denied learning disabled child K.W. from returning to their public District of Columbia charter school based on the parent's failure to provide residency verification pursuant to D.C.M.R. Title 5, chapter 9, §916.

**Defendant ATA's Response**: Disputed. Plaintiff did not complete the necessary enrollment verification requirements and therefore ATA could not readmit her children.

Plaintiff (10): On or about the first day of school in August 2005 plaintiff provided defendants with proof of residency verification in compliance with the District of Columbia Public School-Superintendent's June 10, 2005 guidelines.

**Defendant ATA's Response**: Disputed. ATA is a public charter school that operates under D.C.M.R., chapter 9, §916. ATA is required to hold a lottery and maintain a waiting list if the number of interested students is beyond its capacity. The Superintendent's June 10, 2005 guidance is for schools within the District of Columbia Public School system and not applicable to ATA.

Plaintiff (11): Defendants excluded and denied the learning disabled K.W. the right to return to their District of Columbia public charter school, and plaintiffs filed suit.

**Defendant ATA's Response**: Disputed. This is a conclusion of law. ATA does not dispute that plaintiffs filed the pending lawsuit.

Respectfully Submitted,

*Christine D. Bell*

Christine D. Bell (D.C. Bar No. 472629)
Brustein & Manasevit
3105 South Street, N.W.
Washington, D.C. 20007
Tele: 202-965-3652
Fax: 202-965-8913

Counsel for Arts & Technology
Academy Public Charter School

4