IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TRACY CAIN,
Parent and Next Friend of K. W.,
And Parent Next Friend of L.C.

       Plaintiffs

v.                                          Civil Action No. **1:05CV01773**
                                          JUDGE:  James Robertson

ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL, *et al,*.

       Defendants.


**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

      Pursuant to the scheduling Order, plaintiffs reply to defendants' opposition to plaintiffs' motion for summary judgment.

**I.    DEFENDANTS' ARGUMENT THAT PLAINTIFFS HAVE FAILED TO PROVIDE ANY "EVIDENTIAL SUPPORT" FOR THEIR CASE IS FALSE.**

      First it is important to note for the record that on 23rd September 2005 defendants agreed to file the administrative record by 11th October 2005 and have failed to do so. *See,* Defendant's Response To Plaintiff's Rule 16 (d) Report, at p. 1.[1] Thus, the official record from the government Hearing Office has not been filed.

      Second, defendants erroneously argue the following factual proposition.

           Plaintiff has failed to provide any evidentiary support such as
           affidavits, deposition testimony, interrogatories or other

---

[1] *Also see,* plaintiff's Rule 16 (d) Report at p. 3.

> permissible forms of admissible evidence. *See*, Defendants'
> Opposition to Plaintiff's Motion For Summary Judgment,
> at p. 1.

In support of plaintiffs' case an extraordinary body of documentary evidence from the administrative proceedings below has been filed. Indeed, the following documentary evidence from the administrative proceeding below has been filed with this court.

A) The Plaintiffs' Memorandum In Support Of Motion For Summary Judgment incorporated the following documentary evidence from the administrative record below: (1) D.C. Student Hearing Office – Request For Hearing; (2) Petitioner's Disclosure Of Evidence And Witnesses; (3) Petitioner's Motion For Judgment On The Pleadings Or Alternatively Summary Judgment with academic records; (4) Psycho-educational Evaluation Of K.W.; (5) Arts & Technology 2005-2006 Re-Enrollment Commitment Form; (6) Settlement Agreement-K.W.; (7) D.C. Public Schools' Superintendent's Annual Residency Verification And Immunization Requirements For School Year 2005-2006.

B) The Plaintiffs' Memorandum OF Points And Authorities In Support Of Motion For Temporary Restraining Order incorporated the following documentary evidence from the administrative record below: (Exhibit "A") Settlement Agreement-K.W.; (Exhibit "B") D.C. Student Hearing Office – Request For Hearing; (Exhibit "C") Business Record; (Exhibit "D") Petitioner's Motion For Judgment On The Pleadings Or Alternatively Summary Judgment with academic records; (Exhibit "E") D.C. Public Schools' Superintendent's Annual Residence Verification And Immunization Requirements For School Year 2005-2006. Pursuant to *Celotex Corp. v. Catrett, Administratrix of the Estate of Catrett, 477 U.S. 317, at p 322 (1985)* plaintiff has provided an extraordinary

body of documentary evidence from the administrative record below to support summary judgment.

The aforementioned documentary evidence is a part of the administrative record from the District of Columbia Public Schools' Hearing Office. In regard to judicial review of *IDEA* administrative matters, the court in ***School Committee of the Town of Burlington, Massachusetts, et al. v. Department of Education of Massachusetts, et al., 471 U.S. 359, at p. 369 (1985)*** held:

> The court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate. ***Id. at p. 369.***

In *IDEA* cases the entire administrative record is filed with the United States District Court for judicial review. *See, 20 USC 1414 (i) (2) (B) (i) & (ii).*

II.    PURSUANT TO *TEXAS STATE TEACHERS ASSOCIATION V. GARLAND INDEPENDENT SCHOOL DISTRICT, 489 U.S. 782, AT 793 (1989)*, PLAINTIFF IS A "PREVAILING PARTY."

As a general rule where parties realize what they seek via contested litigation or negotiated settlement, it is to "prevail" within the meaning of the *IDEA*. ***Mitten by and Through Mitten v. Muscogee County, 877 F.2d 932, at 937 (11th Cir. 1989) reh'g den'd cert' den 483 U.S. 1072;*** also see *Hensley v. Eckerhart, 461 U.S. 424, at 433 (1983).* Moreover, it is not necessary for a party to realize all requested professional services in a negotiated settlement or judgment to prevail pursuant to the *IDEA*. ***Mitten by and Through Mitten v. Muscogee County, 877 F.2d 932, at 936 (11th Cir. 1989) (where the parents prevailed by winning the program they sought although they lost on the issue of placement).***

3

The United States Supreme Court in *Texas State Teachers Association v. Garland Independent School District, 489 U.S. 789, at 793 (1989)* defined the "prevailing party standard" as the material alteration of the legal relationship between the parties in a way that furthers the purpose of the underlying law. Consequently, where a child realizes educational benefit as a result of settlement or judgment, there has been a material alteration of the legal relationship between the parties. *See, Howell, Roy Carleton, "The Individuals With Disabilities Education Act (IDEA): Reaching The Black Legal Community To Inform Black People Of Their IDEA Rights," 31 Southern University Law Review 85, at p. 94 (Fall 2003).* In view of the foregoing legal analysis, plaintiff is a "prevailing party."

## III. DEFENDANTS' FOOTNOTE THAT DC HEARING OFFICERS DO NOT RECOGNIZE MOTIONS FOR JUDGMENT ON THE PLEADING, OR SUMMARY DISPOSITION IS WITHOUT MERIT.

Defendants make the below erroneous statement absent any legal authority to support it.

> In fact, such a motion is not acceptable under the District of Columbia Public Schools Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures. *See,* Defendants' Opposition To Plaintiff's Motion For Summary Judgment at p. 7, footnote 2 *(sic).*

Where is the citation of these "District of Columbia Public Schools Special Education Student Hearing Office Due Process Standard Operating Procedures"? There is **absolutely** no such thing! As a general rule an agency shall give all interested parties an opportunity for the submission and consideration of facts and legal arguments. *See, Administrative Procedure Act, 5 USC § 554 (c) (1) (Adjudications)*. Administrative

4

pleadings allow the parties to make a record for subsequent judicial review. "It has been said that all that the law requires to preserve issues for appellate review from an administrative proceeding is that all claims be first raised at the agency level." *2 Am Jur 2d, ADMINISTRATIVE LAW, § 540 Manner and form of raising issues, at pp. 459-460. North Linclon Park Neighborhood Ass'n v. Alcoholic Beverage Control Board, 666 A.2d 63 (D.C. 1995).*

IV. **DEFENDANT RAISES THE SAME QUESTION AS TO WHETHER K.W. IS A CHILD WITH A DISABILITY. THIS QUESTION HAS BEEN ADDRESSED BY PLAINTIFFS.**

Plaintiffs have addressed this issue in Plaintiffs' Opposition To Defendants' Motion To Dismiss at section three. Next, plaintiffs have addressed this issue in Plaintiffs' Memorandum In Support Of Motion For Summary Judgment at section three. Moreover, plaintiffs are "prevailing parties pursuant to the analysis in *Texas State Teachers Association v. Garfield Independent School District, 489 U.S. 782, at 793 (1989),* and *Mitten by and Through Mitten Muscogee County, 877 F.2d 932, at 937 (11th Cir. 1989).*

V. **DEFENDANT RAISES THE SAME QUESTION AS TO WHETHER K.W. EXPERIENCED A CHANGE IN PLACEMENT. THIS QUESTION HAS BEEN ADDRESSED BY PLAINTIFFS.**

Plaintiffs have addressed this issue in Plaintiffs' Memorandum Of Points And Authorities In Support Of Motion For Temporary Restraining Order. Plaintiffs have addressed this issue in Plaintiffs' Opposition To Defendants' Motion To Dismiss at section two. Also, plaintiffs have addressed this issue in Plaintiffs' Memorandum In Support Of Motion For Summary Judgment at section four.

**CONCLUSION**

In view of the foregoing the plaintiffs' motion for summary judgment must be granted as a matter of law.

                                        Respectfully submitted,

                                        */s/ Roy Carleton Howell*
                                        Roy Carleton Howell (415142)
                                        8003 Parkside Lane, NW
                                        Washington, D.C. 20012
                                        (202) 545-0755 – office
                                        (202) 545-0750 - home