IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACY CAIN<br>Parent and Next Friend of K.W.,<br>And Parent and Next Friend of L.C.<br><br>           Plaintiffs,<br><br>v.<br><br>ARTS & TECHNOLOGY ACADEMY<br>PUBLIC CHARTER SCHOOL,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 1:05 CV 01773<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ARTS & TECHNOLOGY ACADEMY
PUBLIC CHARTER SCHOOL'S REPLY TO PLAINTIFF'S
OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

In accordance with the Rule 16(d) report filed by the Plaintiff in this matter Defendant Arts and Technology Academy Public Charter School (ATA) hereby replies to Plaintiff Tracy Cain's opposition to Defendant's motion for summary judgment. Defendant's offer of a slot in the third grade for K.W. was not an offer of settlement, but an operation of its enrollment policies.

This case involves a mother's claim on behalf of her daughter, K.W., a third grader and was identified as potentially eligible for special education and related services.[1]

---

[1] Footnote one of Plaintiff's Opposition to ATA's Motion to Dismiss states that the parties have resolved the claims of L.C. ATA continues to regard any claims involving L.C. as moot.

## ARGUMENT

**I.     ATA's Offer of a Placement for K.W. Is Admissible.**

Plaintiff's position that Defendant's offer for a third grade slot for K.W. was an offer of settlement is factually incorrect. Instead, ATA informed Plaintiff that a number of children had withdrawn from ATA and by operation of its enrollment policy Plaintiff's daughter, K.W., was the next student on its waiting list. The letters dated October 17th and 19th clearly state that by operation of the enrollment policy, ATA contacted Plaintiff. See Exhibits 1 and 2 of Affidavit of E. Greene attached as Exhibit A to Defendant's Motion for Summary Judgment.

ATA's position in this matter is that its enrollment policies required K.W. to remain on the waiting list at the start of the school year. The operation of that policy is relevant to this matter and clearly admissible.

## CONCLUSION

Because there is no dispute over the facts in this matter, ATA moves for judgment be entered for the Defendant.

Respectfully Submitted,

/s/
_____
Christine D. Bell (D.C. Bar No. 472629)
Brustein & Manasevit
3105 South Street, N.W.
Washington, D.C. 20007
Tele: 202-965-3652
Fax: 202-965-8913

Counsel for Arts & Technology
Academy Public Charter School

## CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of December 2005, a copy of the Defendant's Reply to Plaintiff's Opposition to the Motion for Summary Judgment was served electronically to:

>Roy Carleton Howell
>8003 Parkside Lane, N.W.
>Washington, D.C. 20012

>/s/
>_____
>Christine D. Bell