# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRACY CAIN, *et al.*,                          :
                                               :
      Plaintiffs,                      :
                                               :
    v.                                       :  Civil Action No. 05-1773 (JR)
                                               :
ARTS & TECHNOLOGY ACADEMY PUBLIC :
CHARTER SCHOOL, *et al.,*                       :
                                               :
      Defendants.

## MEMORANDUM

Plaintiff Tracy Cain alleges that the D.C. Arts and Technology Academy (ATA) breached a July 15, 2005 settlement agreement by failing to hold a placement meeting to determine whether her daughter was entitled to an Individual Education Program (IEP). The parties in this case are not diverse, and their dispute does not arise under federal law. "[W]hile promises in a . . . settlement agreement might give rise to certain state law claims, a federal court is unable to hear these claims absent diversity or supplemental jurisdiction." Smith ex rel. Battle v. District of Columbia, 117 Fed.Appx. 767, 768-769 (D.C. Cir 2004). This case must accordingly be dismissed for lack of subject matter jurisdiction.

## FACTS

Tracy Cain is the mother of seven year old K.W., who, until the beginning of the 2005-2006 school year, was a student at ATA. While K.W. attended ATA, Cain suspected that she had a

learning disability and brought several due process complaints against ATA, alleging, among other things, that ATA had failed to evaluate K.W. for potential learning disabilities and had failed to provide her with a free and appropriate public education (FAPE).  In April 2005, a physician conducted a psycho-educational evaluation of K.W. and determined that she likely had a reading disorder.  On July 15, 2005, Cain and ATA entered into a settlement agreement, in which Cain agreed to discharge all of her claims against ATA for $4,000 in attorney fees and a placement meeting, to be held within the first two weeks of the 2005-2006 school year, that would determine whether K.W. was eligible for an Individual Education Program (IEP).  Because neither K.W. nor her sister L.C. were allowed to enroll at ATA in 2005, however Cain had failed to provide proof of D.C. residency by an August deadline -- the agreed placement meeting never took place.[1]

Cain sued to "enforce a July 15 settlement agreement consummated in compliance with the Individuals with Disabilities Education Act (IDEA)," demanding that ATA enroll K.W., that it pay her attorney fees, and that it execute an IEP for K.W.

---

[1] K.W. and L.C. were placed on a waiting list along with approximately 230 other children.  Since this lawsuit was filed, both K.W. and L.C. have been offered open spots from this waiting list. Cain has declined to accept these offers.

**Discussion**

In the District of Columbia, settlement agreements are treated as contracts. <u>Makins v. District of Columbia</u>, 277 F.3d 544, 548 (D.C. Cir. 2002), and "general principles of contract law govern [their] resolution." <u>Foretich v. American Broadcasting Companies, Inc.</u> 198 F.3d 270, 274 (D.C. Cir.1999). Cain's suit may raise a contract claim, but "it does not by itself raise a federal question." <u>Fernandez v. Centerplate/NBSE</u> 441 F.3d 100, 1007 (D.C. Cir. 2006).

There is an exception for settlement agreements that resolve claims arising under federal law, but the court has indicated that this exception should be read narrowly. <u>Shaffer v. Veneman</u>, 325 F.3d, 370, 372-73 (D.C. Cir. 2003). Thus, <u>Board of Trustees of Hotel and Restaurant Employees Local 25 v. Madison</u>, 97 F.3d 1485 (D.C. Cir. 1996), found subject matter jurisdiction in a dispute over an ERISA settlement agreement, because "enforcement of the settlement agreement . . . will almost inevitably require construction and application of specific ERISA provisions." In that case, the settlement agreement incorporated specific ERISA clauses, which, for example, determined a party's legal entitlements upon default and the scope of the employers contribution obligations.[2]

---

[2] ERISA, the federal statute involved in <u>Madison</u>, provides for *exclusive* jurisdiction in federal courts. The IDEA has no such provision.

Cain's case, however, more closely resembles the situation in Shaffer v. Veneman. There, an African American farmer settled his Equal Credit and Opportunity Act and APA claims with the U.S. Department of Agriculture, and later sued the USDA for violating the agreement when he was denied a 2000 USDA loan, despite language in the settlement agreement providing that he was to be given "priority financial and technical assistance for those USDA programs for which the Shaffers apply." 325 F.3d at 371. The Court of Appeals affirmed the district court's dismissal for lack of subject matter jurisdiction, reasoning that Schaffer's settlement agreement "did not incorporate any part of the ECOA or the APA," would not require extensive interpretation of those statutes to resolve the dispute, and involved "only straightforward contract issues, such as whether the Government failed to pay him monies due and whether the denial of the Shaffer's Year 2000 loan violated the Agreement." Id. at 373.

Cain's settlement agreement does not incorporate specific provisions of the IDEA. It uses IDEA terminology only in the first paragraph, which states:

> ATA agrees to convene a MDT/IEP/placement meeting during the first two weeks of the 2005-2006 school year to review the student's psycho-educational evaluation. The team will determine the student's eligibility and, if appropriate, draft an individualized education program and determine compensatory education.

- 4 -

Enforcement of this provision would not require "extensive interpretation" of the IDEA.

The legal question presented by this case is whether the settlement agreement was breached by ATA or voided by Cain's failure to meet ATA's admission requirements.  That is a straightforward District of Columbia contract law question which, absent diversity jurisdiction, is not for this Court.  An appropriate order accompanies this memorandum.


                              JAMES ROBERTSON
                      United States District Judge

- 5 -